**C. George SWALLOW and Betty D. Swallow, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 9046.**

United States Court of Appeals
Tenth Circuit.

July 10, 1967.

C. George Swallow, pro se.

Thomas Silk, Jr., Washington, D. C. (Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, David O. Walter, Robert H. Solomon, Attys., Dept. of Justice, Washington, D. C., Lawrence M. Henry, U. S. Atty., and David I. Shedroff, Asst. U. S. Atty., of counsel), for appellee.

Before JONES,[*] SETH, and HICKEY, Circuit Judges.

SETH, Circuit Judge.

In an action wherein the Government sought to reduce to judgment its claim for income taxes, penalties, and interest, a default judgment was entered against appellants. They sought to have it set aside but the trial court denied relief, and appellants took this appeal.

The litigation, from the filing of the complaint by the Government in 1964, has been marked by delays requested and caused by the appellants. The course of the proceedings is hereinafter summarized. The appellant entered his appearance pro se on April 14, 1965, after appellant and the district court had approved withdrawal of appellant's retained counsel. Two Illinois attorneys, on different occasions, later sought to enter appearances as counsel or associate counsel for the appellant. Both attorneys and the appellant were advised by the clerk of the district court that attorneys not admitted to practice in Colorado must associate with local counsel to represent the appellant, as required by local Rule 4 of the district court. It does not appear that either Illinois attorney ever complied with the district court's rule.

After entering his appearance pro se, appellant filed a variety of papers with the district court, including an affidavit of bias and prejudice directed toward a judge of the district court, a motion to postpone trial because of appellant's health and inability to secure counsel, a motion to exclude two named court reporters from participation in the trial, and a motion to postpone a hearing on pending pretrial motions because appellant was convalescing from illness in California. On March 2, 1966, the district court entered an order providing in part that if the appellant again sought to postpone trial for reasons of health, appellant must be examined by a physician of appellant's choice from a list of three physicians compiled by the clerk of the court. A copy of this order was mailed to appellant.

The appellant received timely notice that trial was set for April 18, 1966, at 9:00 a. m. On April 14, four days before the trial, a motion seeking another postponement of the trial was filed in appellant's behalf by his "personal representative," one of the Illinois attorneys mentioned above. A letter from the appellant's personal physician was attached to the motion, saying that the appellant's health precluded a court appearance.[1] It does not appear that the appellant was ever examined by a physician from the list compiled by the clerk of the court, as ordered by the court on March 2, 1966.

The action was called for trial as scheduled, and appellant failed to appear in person or by counsel. The Government then presented its evidence supporting the complaint, and the court there-

---

[*] Senior Judge of the Fifth Circuit, by designation.

1. The letter, addressed to the court, says: "Mr. George Swallow has been very ill with complications from oral surgery performed by Doctor Penners in Brawley, California.

"This would preclude any court appearance at this time."

upon entered on the docket a default judgment against appellant.

On the next day, April 19, appellant filed a motion to set aside the default judgment and requested a hearing to permit the appellant's physician to testify regarding appellant's physical condition on the trial date. The Government filed an opposition to appellant's motion on April 27. The time for hearing on the appellant's motion was apparently set by the court after the Government's opposition was filed, and the clerk of the court, by a letter mailed on April 27, notified the appellant that the hearing on his motion was set for April 29 at 9:00 a. m. It appears that notice of the hearing reached the appellant's residence in Aurora, Colorado, some time on April 28, at which time appellant, according to his brief, was "out of town on business."

The hearing was called as scheduled on April 29, and appellant did not appear. However, the appellant's "personal representative" and personal physician were both present in court. The "personal representative" advised the court that the appellant was then in Chicago, but that arrangements had been made the previous evening for local counsel to attend the hearing. Local counsel did not appear, though the court ordered a recess of forty-five minutes for this purpose. The court declined to recognize appellant's "personal representative" for purposes of examining the appellant's physician, and the court declined to conduct its own examination of the physician. Observing that appellant-had failed to appear at the hearing in person or by counsel in support of his motion, the court entered an order denying appellant's motion to set aside the default judgment.

The appellant in this appeal raises procedural due process issues. Thus the question is whether under the facts of the case at bar appellant received sufficient notice of the hearing on his motion to set aside the default judgment, and whether appellant was denied an opportunity to be heard.

The appellant relies on the fifth amendment to the Constitution and Rules 6(d) and (e) of the Federal Rules of Civil Procedure.

Rule 6(d) of the Federal Rules of Civil Procedure provides for service of notice of hearings not later than five days before the time specified for the hearing unless a different period is specified by the Rules or by order of the court. Here the record shows that the practice was to have the date set by the court and notice sent by the clerk. Notice of the hearing was so mailed on April 27 for the hearing set for April 29. The notice reached appellant's residence in Aurora, Colorado, on April 28. The wording of Rule 6(d) indicates that it is not primarily for the benefit of the moving party, but under the existing practice the moving party needs notice just as does his adversary.

The appellant asserts that he was out of town on April 28, when notice reached his residence, and appellant's "personal representative" advised the court on April 29 that appellant was then in Chicago. Nothing in the record before us contradicts these statements. The Government suggests that a deficiency in formal notice is remedied by actual knowledge, but there is nothing in the record to show that appellant had actual knowledge of the scheduled hearing, or within time to do him any good. The appellant's "personal representative" and the personal physician were both present for the hearing, but we do not consider their presence proof that the appellant had actual knowledge of the hearing. The record does not show how these persons learned of the hearing, and the record does not show that inquiry was made by the court into the matter.

Even if we assumed that appellant did have actual knowledge of the scheduled hearing on April 28, we believe that due process of law requires more than a day's notice for a movant appearing pro se to prepare for a hearing in which he planned to present a physician as a witness in his behalf. We are satisfied that the appellant was not afforded adequate notice.

The default judgment is reversed and the cause is remanded for further proceedings.

It should also be noticed that the Government sought default judgment on April 18, and the district court entered the judgment on the same day. Rule 55(b) (2), Fed.R.Civ.P., provides that the defaulting party, if he has appeared, shall be given three days' notice of the application for default judgment. See also Meeker v. Rizley, 324 F.2d 269 (10th Cir.).

Reversed.