C. George SWALLOW and Betty D.
Swallow, Appellants,

v.

UNITED STATES of America,
Appellee.

No. 9941.

United States Court of Appeals
Tenth Circuit.

July 22, 1968.

C. George Swallow, per se.

Howard M. Koff, Washington, D. C.,
(Mitchell Rogovin, Asst. Atty. Gen., Lee
A. Jackson and Elmer J. Kelsey, attys.,
Dept. of Justice, Washington, D. C., and
Lawrence M. Henry, U. S. Atty., and
Thomas C. Seawell, Asst. U. S. Atty.,
of counsel, were with him on the brief),
for appellee.

Before LEWIS, SETH and HICKEY,
Circuit Judges.

PER CURIAM.

This is an appeal from the District
of Colorado taken by appellants pro se
after entry of judgment against them
for income tax deficiencies. They assert
three grounds in support of reversal of
the judgment: That they were forced
to trial without sufficient time to pre-
pare; that the trial court unlawfully
limited the trial by pre-trial order to
one day; and that the trial judge unlaw-
fully refused to disqualify himself. Each
contention is totally without merit.

The record reveals that the case
was regularly set, appellants receiving
more than ample notice of such setting,
and that they offered no legal excuse
justifying a continuance or resetting.
In fact the record reflects but a continua-
tion of the long extended efforts of ap-
pellants to protract their litigation as
set forth in some detail in our earlier
consideration of this litigation. Swallow
v. United States, 10 Cir., 380 F.2d 710.

Appellants are in error in their
assertion that the court ordered that the
trial would be limited to but one day.
The case was set for a day certain and
the calendar estimation was that the
case could be completed in one day.

Finally, appellants assert that
the trial judge should have disqualified
himself because he had been reversed
by our cited earlier decision, intimating
that the trial judge either had committed
deliberate error or was unlearned. Such

a contention is, of course, completely frivolous, and the extent to which the court went to protect appellants' interest is reflected in the fact that, notwithstanding appellants' failure to appear for trial, the court submitted the case to a jury.

Affirmed.