Joanette SCONION, Plaintiff,

v.

Clarence THOMAS, Chairman, Equal Employment Opportunity Commission, Defendant.

Civ. A. No. 83–3440.

United States District Court, District of Columbia.

Nov. 9, 1984.

Joanette Sconion pro se.

Patricia Carter, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM

### JOHN GARRETT PENN, District Judge.

The plaintiff filed this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* and the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791 and 794a. She contends that the defendant discriminated against her because of her race, sex or handicap. The case is now before the Court on defendant's motion to dismiss, or to transfer on the grounds of improper venue.*

### I

The Court had previously ordered this case transferred to the Northern District of Georgia on the grounds of improper venue in this district. *See* Order filed February 7, 1984. Actions brought under Title VII and the Rehabilitation Act must be filed in the district in which the unlawful employment practice is alleged to have been committed,

or in the district where the complainant would have worked but for the alleged unlawful practice, or in the district where the relevant employment records are administered or maintained. 42 U.S.C. § 2000e–5(f)(3) (the Rehabilitation Act incorporates the remedies, procedures and rights of Title VII, 29 U.S.C. § 794a). Plaintiff concedes that the alleged unlawful practice took place in the Northern District of Georgia and she further concedes that she would have worked in that district but for that action. Thus, the only grounds upon which venue may be found in this district is in the event her relevant employment records are administered or maintained here.

After this Court ordered the case transferred, plaintiff petitioned for a writ of mandamus which was granted. *See Petition of Sconion,* No. 84–5146 (D.C.Cir April 27, 1984). In an accompanying memorandum, the Court of Appeals noted that this Court had ordered the case transferred based upon an unsworn statement in the pleadings filed by the defendant alleging that during the relevant periods, the records were either in the Northern District of Georgia or the Eastern District of Missouri. *See* Memorandum in Support of Defendant's Motion to Dismiss filed January 26, 1984. The appellate court also observed that on remand this Court should consider whether counsel should be appointed to represent the plaintiff.

### II

The first issue which must be addressed is whether the Court should appoint counsel to represent the plaintiff. Plaintiff has sought the appointment of counsel and the Court has referred her to several organizations which often provide attorneys who have agreed to take cases on a pro bono basis. Her attempts to find counsel who would satisfy her have proved unsuccessful. Indeed, plaintiff indicated at one hearing that she had considered filing a griev

---

* The present motion is essentially a renewal of defendant's motion to dismiss. The Court treats the motion as being one to dismiss or to trans-

fer based upon the arguments defendant has made in court.

ance complaint against one attorney who had discussed representing her in this case.

■ In determining whether to appoint counsel, the Court must consider the ability of the plaintiff to afford an attorney, the merits of plaintiff's case, the efforts of plaintiff to obtain counsel, and the capability of the plaintiff to present the case without the aid of counsel. *Poindexter v. FBI*, 737 F.2d 1173, 1185 (D.C.Cir.1984). This Court is satisfied that plaintiff cannot afford counsel. It is, of course, difficult to judge the merits of her discrimination claim at this stage of the proceedings. But, the "merits" for the purposes of the matter before the Court should be the merits of the venue question rather than the merits of the discrimination claim. To state it differently, the Court concludes that in this case, the Court should gauge first whether the plaintiff has a strong or a weak argument on the merits of the venue question and if it determines that it is probable that venue lies in this district, then consider the merits of plaintiff's discrimination claim.

Here, the Court must conclude that plaintiff has little or no chance of prevailing on the venue issue. The only issue is whether her employment records were administered or maintained in this district. The defendant contends that they were not and defendant's counsel has filed an affidavit in support of that contention. *See* Thurmond Affidavit filed May 7, 1984. Defendant states that plaintiff's records are in her Official Personnel Folder (OPF), that the OPF was in Atlanta, Georgia from September 1979 to March 1981, and that on March 16, 1981, the plaintiff's OPF was transferred by the Atlanta District Office to the Federal Records Center (FRC) in St. Louis, Missouri, pursuant to the agency's records disposition program. *Id.* ¶¶ 5–8. The records were transferred to the FRC pursuant to EEOC Order No. 201 and the GSA General Records Schedule. *Id.* ¶ 9. "At no time has the plaintiff's OPF been maintained in Washington, D.C." *Id.* ¶ 10. If the above statements are true, it follows that this case must be dismissed or transferred.

As to the capacity of plaintiff to present arguments on the venue issue without the aid of counsel, it would seem that she should be able to do so. She is intelligent and knowledgeable *and* is a former employee of the EEOC. Her pro se complaint is indicative of her skill and knowledge in this area and she is familiar with the venue requirements. Yet, at no time has she raised a true factual issue by filing any pleadings, papers or affidavits demonstrating that the records in question have ever been administered or maintained in this district.

■ After considering all of the above facts, the Court concludes that it should not appoint counsel to represent the plaintiff. She has, at most, a very weak argument on her venue claim and she has not made a showing that her discrimination complaint is particularly strong. Moreover, on the limited issue of venue, she is familiar with the law and can certainly present her own case. If she were to prevail on venue, then the Court would appoint counsel to represent her on the merits. Considering all of these factors the Court concludes that plaintiff's request for the appointment of counsel at this stage should be denied. *See Poindexter v. FBI, supra.*

### III

■ Turning to the pending motion, the Court notes that the plaintiff has not demonstrated any reason for the Court to disbelieve the sworn affidavit of defendant's counsel. Defendant knows that the case is not going to be dismissed by the Court; rather, if defendant prevails on its motion, the case will be transferred to the Northern District of Georgia where the parties can litigate the issues. The affidavit filed by the defendant sets forth in detail the dates upon which the records were in Georgia, and the dates the records were transferred to the Federal Records Center. Nothing about the actions of the defendant in the handling of the records appears to be unusual and nothing filed by the plaintiff suggests that the defendant's affidavit was executed or filed in bad faith.

Nothing filed by the plaintiff raises a factual issue in this case. In response to questions from the Court on this issue, the plaintiff merely relies on the statements of the Court of Appeals indicating that she is entitled to a hearing, which she apparently misinterprets as a trial on the merits. Moreover, although plaintiff does not make such a contention, the fact that a portion of her employment record may have been sent to this district for her perusal does not mean that the records were "transferred" for the purposes of the venue statute. To so hold would mean that a Title VII complainant may bring a discrimination action in any district in the United States.

After weighing all of the above factors, the Court concludes that plaintiff's request for the appointment of counsel should be denied and the Court further concludes that the defendant's motion to dismiss should be denied, and that this case should be transferred to the Northern District of Georgia. 28 U.S.C. § 1406(a). Additionally, it appears that the witnesses and relevant records are in Atlanta and that this case should be transferred to the Northern District of Georgia on those grounds. 28 U.S.C. § 1404(a).

An appropriate Order has issued.