**Cleotilde ARCHULETA, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary, Department of Health and Human Services, Defendant.**

**Civ. A. No. 89–1366.**

United States District Court, District of Columbia.

Nov. 21, 1989.

Glenn H. Carlson, Carlson, Cafferty & Ferris, P.C., Washington, D.C., for plaintiff.

Diane M. Sullivan, Asst. U.S. Atty. and Eileen M. I. Houghton, Business and Administrative Law Div., Office of Gen. Counsel, Dept. of Health and Human Services, Washington, D.C., for defendant.

## ORDER

REVERCOMB, District Judge.

This matter is before the Court pursuant to Defendant's motion to transfer this matter to the United States District Court for the District of Maryland. 28 U.S.C. § 1406(a).

Plaintiff is a Hispanic female over the age of forty who was formerly employed as a clerk/typist by the National Institutes of Health which are divisions of the Department of Health and Human Services. Plaintiff contends that she was denied salary increases and was ultimately removed from her position in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791, the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq., and the Civil Service Reform Act of 1978.

### A. Title VII and Rehabilitation Act Claims

The venue rules for a Title VII action are set forth in 42 U.S.C. § 2000e–5(f)(3) which provides, in pertinent part:

> Such an action may be brought in any judicial district in the States in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such

district, such an action may be brought within the judicial district in which the respondent has his principal office.

The venue provisions of Title VII also apply to causes of action which are brought under the Rehabilitation Act of 1973. 29 U.S.C. § 794a(a)(1).

■ Plaintiff contends that the venue provision of Title VII does not control in actions against the federal government and that the venue provision of 28 U.S.C. § 1391 applies under which the District of Columbia would be an appropriate venue. Plaintiff premises her argument on two grounds.

First, Plaintiff cites § 2000e–16(c), which provides in pertinent part that an employee or applicant for employment

> may file a civil action as provided in section 2000e–5 of this title, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant.

Plaintiff contends that because § 2000e–16(c) employs the term "defendant" Congress was not contemplating that the venue provision of Title VII would apply to suits against the federal government because § 2000e–5(f)(3) uses the term "respondent." This argument is patently frivolous. Section 2000e–16(c) expressly states that an employee or applicant for employment "may file a civil action *as provided in section 2000e–5 of this title....*" There is no qualification in § 2000e–16(c) that § 2000e–5 only applies in part and that subsection 5(f)(3) does not control. This Court is unwilling to rule that the venue provisions of Title VII are inoperative in actions against the federal government where there is no clear statutory basis that Congress so intended.

Plaintiff's second ground for arguing that the venue provision of Title VII does not apply is that a committee report to an early Senate draft of § 2000e–16(c) provided that:

> It is intended that the employee *have the option* to go to the appropriate district court *or the District Court for the District of Columbia* after either the final decision within his agency on his appeal from the personnel action complained of or after an appropriate appeal to the Civil Service Commission or after the elapse of 180 days from the filing of the initial complaint or appeal with the Civil Service Commission.

This legislative history indicates that a party should have the option to sue in the District Court for the District of Columbia. However, there is simply no basis in the statute—which is the best source of legislative intent—to support this language in the legislative history.

Moreover, Plaintiff has cited this Court to no decision in which a court has ruled that the venue provision of Title VII does not apply in actions against the federal government. On the contrary, the caselaw is replete with decisions in which courts have ruled that § 2000e–5(f)(3) applies to suits against the federal government pursuant to § 2000e–16(c). *See, e.g., Bartel v. Federal Aviation Admin.,* 617 F.Supp. 190, 197–98 (D.D.C.1985); *Sconion v. Thomas,* 603 F.Supp. 66, 67 (D.D.C.1984); *Donnell v. National Guard Bureau,* 568 F.Supp. 93, 94–95 (D.D.C.1983).

■ Plaintiff alternatively argues that even if Title VII venue applies the District of Columbia is a proper venue because her employment records are located within this district. To support her argument she cites the fact that she met with Eileen M. I. Houghton, the attorney for the agency in the administrative appeals that Plaintiff filed with the Merit Systems Protection Board (MSPB) and the Equal Employment Opportunity Commission, at Defendant's Washington, D.C. offices and reviewed documents related to her claims against the Defendant. However, the declaration of Houghton states that she has only copies of some of Plaintiff's employment records which were obtained in the litigation of this matter. The declarations of John S. Bowers, Assistant Director for Analysis and Adjudications, Office of Human Relations, with the Department of Health and Human Services, and Richard A. Schroder, Employee Relations Specialist with the Labor Management Branch of the National Institute of Health, state that the original and

complete employment records of Plaintiff which are related to this matter are maintained and administered in Bethesda, Maryland.

Since Plaintiff worked for Defendant in Maryland, the unlawful employment practices alleged by the Plaintiff occurred in Maryland, and all of her employment records are in Maryland, venue is not proper under either Title VII or the Rehabilitation Act in the District of Columbia.

## B. Age Discrimination Claim

■ Venue in an action brought under the Age Discrimination Act is governed by 28 U.S.C. § 1391(e) which provides:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, or (2) the cause of action arose, or (3) any real property involved in the action is situated, or (4) the plaintiff resides if no real property is involved in the action.

The Defendant contends that in the instant case Maryland is the appropriate forum for this matter to be adjudicated because the cause of action arose in Maryland, the Plaintiff resides in Maryland, and no real property is involved in this case. However, where a plaintiff files a civil action against a defendant who is an officer or employee of the United States, or any agency thereof, acting in his official capacity, this circuit has held that under § 1391(e) the place where the defendant resides is not the defendant's personal residence but his *official* residence, *i.e.*, where his official duties are performed. *Lamont v. Haig*, 590 F.2d 1124 (D.C.Cir.1978); *Reuben H. Donnelley Corp. v. Federal Trade Comm'n*, 580 F.2d 264 (7th Cir.1978). The Defendant in this action is the agency "head," the Secretary of the Department of Health and Human Services, who maintains his office in the District of Columbia. Accordingly, venue is proper in this matter as to Plaintiff's age discrimination claim.

## C. Civil Service Reform Act Claim

The Defendant concedes that for venue purposes the Plaintiff can seek district court review of her nondiscrimination claims that she raised before the MSPB if they are combined with her discrimination claims.[1] *Hayes v. United States Government Printing Office*, 684 F.2d 137 (D.C. Cir.1982). The Defendant contends, however, that because the only place of proper venue for Plaintiff's discrimination claims is in Maryland, Plaintiff's nondiscrimination claims must also be brought in Maryland. However, as discussed above, venue is proper in the District of Columbia as to Plaintiff's age discrimination claim and Plaintiff can accordingly combine her nondiscrimination claims with it.

## D. Pendent Venue

■ Although the general rule of law is that venue must be established as to each separate cause of action, *Lamont v. Haig*, 590 F.2d at 1135; *Relf v. Gasch*, 511 F.2d 804, 807 n. 12 (D.C.Cir.1975), this Circuit has adopted the principle of pendent venue which provides that proper venue as to one

---

1. The provision of the Civil Service Reform Act which governs judicial review of decisions of the MSPB is 5 U.S.C. § 7703 which provides in pertinent part:

> (b)(1) Except as provided in paragraph (2) of this subsection, a petition to review a final order or final decision of the Board shall be filed in the United States Court of Appeals for the Federal Circuit. Notwithstanding any other provisions of law, any petition for review must be filed within 30 days after the date the petitioner received notice of the final order or decision of the Board.

> (b)(2) Cases of discrimination subject to the provisions of section 7702 of this title shall be filed under section 717(c) of the Civil Rights Act of 1964 (42 U.S.C. 2000e–16(c)), section 15(c) of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 633a(c)), and section 16(b) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 216(b)), as applicable. Notwithstanding any other provision of law, any such case filed under any such section must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action under such section 7702.

claim will support adjudication of any other claim as long as the claims amount to a single cause of action. *Beattie v. United States*, 756 F.2d 91, 100–101 (D.C.Cir.1984); *see also Laffey v. Northwest Airlines*, 321 F.Supp. 1041 (D.D.C.1971).

Applying this principle, this Court finds that as a practical matter this case cannot be characterized as a single cause of action with separate grounds for relief. Although Plaintiff's claims of discriminatory conduct are based on the conduct of a single supervisor, each claim alleges discriminatory conduct against a different protected class. The evidence to support each discrimination claim will of necessity be different for each protected class. Moreover, in the instant case Plaintiff is not only asserting discrimination claims but also nondiscrimination claims which are based on issues of administrative law that are related to Plaintiff's appearance before the MSPB. *See Hayes v. RCA Service Co.*, 546 F.Supp. 661 (D.D.C.1982) (court did not apply pendent venue and transferred the entire complaint where a black man had alleged discrimination based upon race pursuant to Title VII, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981, because, although the two claims were premised on the same operative facts, "Title VII is a statute which has been specifically fashioned by Congress to remedy employment discrimination, while 42 U.S.C. § 1981 is a broader, more general provision addressing contractual, property and other rights.") Accordingly, this Court declines to apply pendent venue and it is hereby

ORDERED that the Defendant's motion to transfer this matter to the United States District Court for the District of Maryland pursuant to 28 U.S.C. § 1406(a) be, and the same hereby is, GRANTED; and it is further

ORDERED that this matter hereby is transferred to the United States District Court for the District of Maryland; and it is further

ORDERED that the Clerk of this Court shall transmit all records and papers in this civil action to the Clerk of the Court of the United States District Court for the Dis-

trict of Maryland, together with a certified copy of this order.