902 F.2d 1567
 16 Fed.R.Serv.3d 256
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Michael R. WIGGS, Plaintiff-Appellant,
v.
SECRETARY OF the ARMY, Defendant-Appellee.
 No. 88-3658.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 20, 1989.
Decided April 20, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T.S. Ellis, III, District Judge. (C/A No. 88-779-A)
 Michael R. Wiggs, appellant pro se.
 Robert Ernest Rigrish, United States Army, Office of the Judge Advocate General, Washington, D.C., for appellee.
 E.D.Va.
 AFFIRMED IN PART, VACATED AND REMANDED IN PART.
 Before WIDENER, PHILLIPS and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Michael R. Wiggs appeals the district court's dismissal of his Title VII action because of his failure to attend depositions. See Fed.R.Civ.P. 37(d). He also challenges the district court's denial of his motion to retransfer his action to the Southern District of California. We vacate the Rule 37(d) dismissal and remand for further proceedings, and we affirm the district court's order denying Wiggs' motion to retransfer the case.
 
 
 2
 * In 1987, Wiggs filed a Title VII action against the Secretary of the Army and the Secretary of the Navy. The suit alleged that Army officials discriminated against him while he was working in Camp Zama, Japan, and that one of the discriminatory actions was the Army's failure to extend his term of service in Japan. After leaving Japan, Wiggs obtained employment at Camp Pendleton, California. His suit alleged that Navy officials at Camp Pendleton retaliated against him because of his discrimination complaints against the Army.
 
 
 3
 Wiggs filed his suit in the United States District Court for the Southern District of California. Wiggs resides in that district and that is where Camp Pendleton is located. The Secretary of the Army argued that venue was not proper in the Southern District of California because the Army's alleged discriminatory acts had occurred in Japan, because Wiggs alleged that he would have been working in Japan but for the alleged discrimination, and because the "employment records relevant to the alleged [discriminatory] practice" were located in Japan. 42 U.S.C. Sec. 2000e-5(f)(3). The Secretary therefore argued that venue was proper only in the Eastern District of Virginia, which was where the Secretary's "principal office" was located. Id. In response, Wiggs argued that venue was proper in California because his Official Personnel File (OPF) was located at Camp Pendleton in California. The district court in California accepted the Army's argument and transferred Wiggs' claims against the Army to the Eastern District of Virginia, while retaining jurisdiction over Wiggs' claim against the Navy.
 
 
 4
 After the case was transferred, the Army attempted to take Wiggs' deposition in Alexandria, Virginia. The Army scheduled a deposition for August 29, and moved for sanctions on September 2 because of Wiggs' failure to appear at that deposition. At a hearing on September 9, in which Wiggs was represented by local Virginia counsel, the district court stayed a ruling on the Army's motion for sanctions. The court also extended the date for completion of discovery and for the pretrial conference because Wiggs had filed a motion under Fed.R.Civ.P. 60(b) in California asking the California district court to vacate its order transferring the case. The court denied Wiggs' motions to stay proceedings and to retransfer the case to California.
 
 
 5
 In October the Army again attempted to reschedule Wiggs' deposition in Alexandria. Because these efforts were unsuccessful, the Army moved for sanctions under Fed.R.Civ.P. 37(d) on November 2. In its motion and accompanying documents, the Army described its efforts to reschedule the deposition. The Army agreed to postpone scheduled depositions on October 7 and October 24 because the California court had not yet ruled on Wiggs' Rule 60(b) motion. The deposition was rescheduled for October 28. On October 27, Wiggs' California counsel,[1] Peter Yeomans, contacted the Army and stated that Wiggs would not appear for the October 28 deposition because the California district court was holding a hearing on the Rule 60(b) motion that afternoon. Yeomans agreed to contact the Army to reschedule the deposition early in the week of October 31, as trial was scheduled for November 8. On November 2, after the Army was unsuccessful in contacting Yeomans to reschedule the deposition, the Army again moved to dismiss under Fed.R.Civ.P. 37(d) because of Wiggs' failure to appear at the scheduled depositions.
 
 
 6
 The Army scheduled a hearing on its motion to dismiss for November 4. Notice of the hearing was express-mailed to Yeomans in California on November 2. The Army did not attempt to contact Wiggs personally about the motion. Neither Wiggs nor any representative appeared at the November 4 hearing in Alexandria on the motion to dismiss. The district court found that Wiggs had demonstrated "a pattern of willful neglect of the requirements of this Court in connection with this suit" and granted the motion to dismiss.
 
 II
 
 7
 We vacate the judgment below on the ground that Wiggs had an inadequate opportunity to be heard on the Army's motion to dismiss. At most Yeomans had two days to prepare for the hearing and to travel from California to Alexandria to attend it or to secure new local counsel for that purpose, or to submit a written response. Assuming that the 5-day notice required by Fed.R.Civ.P. 6(d) was at least implicitly shortened by order of the court and that the short notice could not be faulted for that reason, we think that the notice in this case was inadequate to comport with basic requirements of due process. See Swallow v. United States, 380 F.2d 710, 712 (10th Cir.1967). We note that Wiggs himself never received notice of the hearing and that Yeomans apparently never entered a formal appearance in the Eastern District of Virginia and therefore may have been unable to appear on Wiggs' behalf. We also note that in his informal brief, Wiggs has stated that he did not learn of the November 4 hearing until November 7 and that Yeomans resigned from representing him on November 1.
 
 
 8
 On remand, the district court should give Wiggs an adequate opportunity to be heard on the Army's motion to dismiss, whether through counsel, in person, or by documentary submission, before again ruling on that motion. Obviously we do not intimate any view on the merits of the motion by requiring that it be reconsidered.
 
 
 9
 Wiggs also argues that the Army should not have been permitted to require him to attend a deposition in Alexandria, Virginia, because he resides in California. He argues that the Army should have deposed him during the 20-21 month period when his suit against it was pending in California.
 
 
 10
 The Army was not required to depose Wiggs before his case was transferred from California to Virginia. Rule 30(a) of the Federal Rules of Civil Procedure, which governs the time for taking depositions, does not require that a deposition be taken promptly after a lawsuit is filed. In addition, no other rule imposes such a time limit.
 
 
 11
 Wiggs states that he should not have been required to travel more than 100 miles for his deposition. He argues that witnesses cannot be required to travel more than 100 miles for a deposition, and that this rule should have prevented the Army from requiring him to travel from California to Alexandria for his deposition. See Fed.R.Civ.P. 45(d)(2).
 
 
 12
 Rule 45(d)(2), however, does not apply to parties who are to be deposed, as they need not be subpoenaed. See 8 C. Wright & A. Miller, Federal Practice and Procedure: Civil Sec. 2112, at 403. If a party is dissatisfied with the location of his deposition, his remedy is to move for a protective order under Fed.R.Civ.P. 26(c) asking that it be taken at another location. The record shows that Wiggs filed no such motion. While Wiggs' Virginia counsel indicated that Wiggs would be willing to be deposed in California, counsel specifically stated that his motion to stay the Virginia proceedings was not directed to discovery. In the absence of a motion for a protective order, the question whether the Army should have been permitted to require that Wiggs travel 3000 miles from his home for his deposition is not properly before us as it was not before the district court.
 
 III
 
 13
 Wiggs also challenges the district court's denial of his motion to retransfer his case to the Southern District of California.[2] He asserts that because his Official Personnel File (OPF) was in California, venue was proper there under 42 U.S.C. Sec. 2000e-5(f)(3). The Army successfully argued in the California district court that venue was improper in California because the Army's EEO and grievance files concerning Wiggs' claim were not there. The district court below declined to retransfer, electing to defer to the California district court and stating that if the California court changed its mind on the venue issue, the case would then be retransferred to California, but that otherwise it would stay in Virginia.
 
 
 14
 Our scope of review here is extremely narrow. See In re Cragar Industries, Inc., 706 F.2d 503, 505 (5th Cir.1983) (transferee court should not retransfer "except under the most impelling and unusual of circumstances or if the transfer order is manifestly erroneous"); see also Starnes v. McGuire, 512 F.2d 918, 935 (D.C.Cir.1974) (en banc); Technitrol, Inc. v. McManus, 405 F.2d 84 (8th Cir.1968).
 
 
 15
 Under this narrow standard of review, we affirm the district court's decision not to retransfer this case.
 
 
 16
 Title VII has its own venue provision, which is codified at 42 U.S.C. Sec. 2000e-5(f)(3). This provision states, in pertinent part,
 
 
 17
 [A Title VII] action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.
 
 
 18
 As the alleged discrimination took place in Japan and Wiggs alleges that he would have worked in Japan absent the alleged discrimination, venue would be in the district in which "respondent has his principal office" (i.e., the Eastern District of Virginia) unless there is some other judicial district "in which the employment records relevant to such practice are maintained and administered." Wiggs alleges that his OPF, which is located at the office of his current employer in Camp Pendleton, California, contains the relevant employment record; the Army, on the other hand, argues that the relevant employment records are contained in the EEO files and other records maintained in Japan. The California District Court accepted the Army's argument.
 
 
 19
 We cannot say, on this record, that the California district court's decision as to which records were the "personnel records relevant to the alleged [discriminatory practice]" was "manifestly erroneous,"[3] Starnes v. McGuire, 512 F.2d 918, 935 (D.C.Cir.1974) (en banc), or that there are "impelling and unusual circumstances" which should cause us to overturn that decision. Accordingly, we affirm the district court's order denying Wiggs' motion to retransfer.
 
 IV
 
 20
 In summary, we vacate the district court's order dismissing Wiggs' action under Fed.R.Civ.P. 37(d) because Wiggs had inadequate notice of the Army's motion to dismiss. We affirm the district court's order denying Wiggs' motion to retransfer the case to the Southern District of California. We also deny Wiggs' motion to "dismiss" the appellee's informal brief. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the court and oral argument would not significantly aid the decisional process.
 
 
 21
 AFFIRMED IN PART; VACATED AND REMANDED IN PART.
 
 
 
 [1]
 Wiggs' local Virginia counsel withdrew from the case on September 23 and was not replaced. The Army dealt with Yeomans rather than with Wiggs even though Yeomans never formally entered an appearance in the Virginia action
 
 
 [2]
 Wiggs also asks this Court to review the California district court's order transferring this case to Virginia. We have no authority to review that decision. See Linnell v. Sloan, 636 F.2d 65, 67 (4th Cir.1980)
 
 
 [3]
 We note that there is at least one other district court case which ruled that venue under the "relevant employment records" provision was governed by the location of a federal employee's OPF. See Sconion v. Thomas, 603 F.Supp. 66 (D.D.C.1984). There is nothing in Sconion which suggests, however, that there were personnel records other than those in the OPF which were considered relevant to the case