James A. WILLIS, a/k/a Jimmy Willis, Appellant,

v.

FEDERAL BUREAU OF INVESTIGATION, et al., Appellees.

No. 00–5281.

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 30, 2001.

Decided Dec. 28, 2001.

James H. Lesar argued the cause and filed the briefs for appellant.

Meredith Manning, Assistant U.S. Attorney, argued the cause for appellees. With her on the brief were Roscoe C. Howard Jr., U.S. Attorney, and R. Craig Lawrence, Assistant U.S. Attorney.

Before: GINSBURG, Chief Judge, RANDOLPH and TATEL, Circuit Judges.

Opinion for the Court filed by Circuit Judge RANDOLPH.

RANDOLPH, Circuit Judge:

This case presents an issue of first impression for this circuit: what criteria should guide district courts in deciding motions for the appointment of counsel in cases brought under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA")?

James A. Willis is serving time for drug offenses. He filed a FOIA action in 1996 seeking the release of numerous documents. The documents, he claims, will exonerate him. After bringing suit, Willis filed two motions for the appointment of counsel. FOIA does not contain a provision authorizing the appointment of coun-

sel. Willis therefore invoked the general civil statute: "The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The district court denied both motions and then granted summary judgment against Willis.

On Willis's appeal, we held that the failure of the magistrate judge, who was managing the case pursuant to 28 U.S.C. § 636, to provide any reasons for refusing to appoint counsel for Willis necessitated a remand. *Willis v. FBI*, No. 98–5071, 1999 WL 236891 (D.C.Cir. Mar. 19, 1999). We stated that the district court or the magistrate judge will need to determine whether the criteria set forth in *Poindexter v. FBI*, 737 F.2d 1173 (D.C.Cir.1984), a Title VII case, should be adopted for FOIA cases.

On remand, the magistrate judge issued a report explaining why he had denied Willis's motions for counsel. *See* Report and Recommendation of March 6, 2000. Willis had shown that he was capable of representing himself, his FOIA action did not involve complex legal or factual issues, the case would not require discovery, and the interests of justice would not be served by appointing counsel. *See id.* at 5–8.

The district court adopted the report. The court concluded that Local Civil Rule 83.11(a)(4)(B)—rather than *Poindexter*—provides the relevant factors for deciding motions for the appointment of counsel in FOIA cases. The local rule provides: "If the judge assigned the case determines, pursuant to 28 U.S.C. § 1915(e), that the case should not be dismissed, the judge may then determine whether to appoint an attorney to represent such party. Such a determination should be made as soon as practicable after the action is assigned, taking into account: (i) the nature and complexity of the action; (ii) the potential merit of the claims as set forth in the pleading; (iii) the inability of the pro se party to retain counsel by other means;

(iv) the degree to which the interests of justice will be served by appointment of counsel, including the benefit the court may derive from the assistance of the appointed counsel; and (v) any other factors deemed appropriate by the judge to serve the interests of justice." D.D.C. Cɪᴠ. R. 83.11(a)(4)(B).

 Neither Willis nor any other indigent civil litigant is guaranteed counsel. The discretionary decisions of district courts whether to appoint counsel under 28 U.S.C. § 1915(e)(1) will be set aside only for abuse. *See Cookish v. Cunningham*, 787 F.2d 1, 2 (1st Cir.1986); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir.1997). Here the magistrate judge, whose report and recommendation the court adopted, followed the criteria in Local Civil Rule 83.11(a)(4)(B). The magistrate determined that counsel need not be appointed because Willis had shown through numerous coherent filings that he was capable of representing himself and making logical presentations to the court. The magistrate also based his denial on his determination that Willis's FOIA case did not involve complex legal or factual issues and, like many FOIA cases, would not require any discovery. Willis points out that an analysis of the merits of his case was absent from the magistrate's report, and he argues that the magistrate's explanation for denying counsel was therefore insufficient. We disagree. Given the magistrate's conclusion that Willis was capable of handling his relatively straightforward FOIA case unaided, the magistrate did not need to go any further.

 In addition, we reject Willis's contention that the court erred in selecting Local Civil Rule 83.11 as the appropriate standard rather than *Poindexter*'s multifactor test. The *Poindexter* criteria are the plaintiff's ability to afford an attorney; the merits of the plaintiff's case; plaintiff's efforts to secure counsel; and the capacity

of the plaintiff to present the case adequately without the aid of counsel. 737 F.2d at 1185. *Poindexter* interpreted Title VII's appointment provision, 42 U.S.C. § 2000e–5(f)(1), a provision "generally viewed as imposing a lesser burden on plaintiffs seeking appointment of counsel, both because of the specificity of Congress' action ... and because this provision does not require that the plaintiff be a pauper." *Poindexter,* 737 F.2d at 1182 n. 18. That provision obviously does not apply to FOIA cases, nor do the reasons behind it. Local Civil Rule 83.11, which implements 28 U.S.C. § 1915(e)(1), thus controls. The local rule differs only slightly from the *Poindexter* factors and, to the extent there are differences, it embraces many of the considerations adopted in other circuits for applying 28 U.S.C. § 1915(e)(1). *See, e.g., Long v. Shillinger,* 927 F.2d 525, 527 (10th Cir.1991) (holding that courts should consider the merits of the litigant's claims, the nature of the factual issues, the litigant's ability to present his claims, and the complexity of the legal issues); *Cookish,* 787 F.2d at 3 (holding that factors to be considered include the indigent's ability to conduct whatever factual investigation is necessary, the complexity of the factual and legal issues, and the capability of the indigent litigant to present the case); *Ulmer v. Chancellor,* 691 F.2d 209, 213 (5th Cir.1982) (holding that courts should consider a number of factors including the type and complexity of the case and whether the indigent is capable of adequately presenting the case).

Because the district court acted within its discretion in deciding that Willis did not qualify for counsel under the local rule, its judgment denying his motions is

*Affirmed.*