Maureen Foley **LACEY** and Steven C. Lacey, Plaintiffs,

v.

Brian J. **WING**, et al. Defendants.

No. 01–160 (RJL).

United States District Court, District of Columbia.

Nov. 19, 2003.

Maureen Foley Lacey, Quebec, pro se.

Steven C. Lacey, Quebec, pro se.

Lisa Ullman, New York State Department of Law, New York State Attorney General, Albany, NY, Mary Malloy Dimaio, Law Offices of Maher & Associates, Towson, MD, Erika L. Amarante, Timothy A. Diemand, Wiggin & Dana, LLP, New Haven, CT, Aaron L. Handelman, George Samuel Mahaffey, Jr., Eccleston & Wolf, P.C., Washington, DC, Christopher Redmond Dunn, Decaro, Doran, Siciliano, Gallagher, & Deblasis LLP, Lanham, MD, for Defendants.

## MEMORANDUM OPINION AND ORDER

LEON, District Judge.

Plaintiffs Maureen Foley Lacey and Steven C. Lacey, proceeding *pro se*,[1] allege in their complaint that various defendants, in New York and Canada,[2] conspired and violated their civil, constitutional, and privacy rights. Currently before the Court are five motions to dismiss submitted by: (1) Sterling Goodspeed and Commissioner Robert Phelps; (2) Commissioner Brian Wing and Governor George Pataki; (3) Harry Yelle,

---

1. Insofar as the plaintiffs have moved to appoint counsel, the Court has the discretion under Local Civil Rule 83.11(b)(3) to do so. *See Willis v. F.B.I.*, 274 F.3d 531, 532 (D.C.Cir.2001); *see also* LCvR 83.11(b)(3) (stating that a court must consider "(i) the nature and complexity of the action; (ii) the potential merit of the *pro se* party's claims; (iii) the demonstrated ability of the *pro se* party to retain counsel by other means; and (iv) the degree to which the interests of justice will be served by appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel."). Upon consideration of the criteria outlined in LCvR 83.11(b)(3), the Court denies the plaintiffs' motion to appoint counsel.

2. The defendants are Sterling Goodspeed (former District Attorney of Warren County, New York), Commissioner Robert Phelps (Commissioner of Social Services for Warren County, New York), Commissioner Brian Wing (Commissioner of the New York State Office of Temporary and Disability Assistance), Governor George Pataki (Governor of the State of New York), Harry Yelle, Commissioner Jay Le Page, Penelope Clute (former District Attorney of Clinton County, New York), Anne McLellan (former Minister of Justice and Attorney General of Canada), Commissioner Giuliano Zaccardelli (Commissioner of the Royal Canadian Mounted Police), Lorne Zapotichny (Chief Constable with the Royal Canadian Mounted Police), John Baird (an employee of a Canadian governmental agency), Ruth Locking (formerly Ruth Wright and an Eligibility Review Officer with the City of Ottowa), and fifty Jane and John Does.

Commissioner Le Page, and Penelope Clute (the "Clinton County Defendants"); (4) Anne McLellan, Commissioner Giuliano Zaccardelli, and Lorne Zapotichny (the "Canadian Government Defendants"); and (5) John Baird and Ruth Locking. Upon consideration of the parties' motions, opposition thereto, the entire record and the relevant law, the Court grants all the defendants' motions to dismiss based on lack of personal jurisdiction.

## I. Background

Plaintiffs Maureen Foley Lacey and Steven Lacey allege "a blatant conspiracy and the violation of [their] civil rights and [their] privacy in the United States Canada [sic]." Compl. ¶ 20. Essentially, the plaintiffs claim that public officials in New York and Canada covered up illegal actions taken against the plaintiffs. Compl. ¶¶ 31–65. The plaintiffs claim that they were illegitimately denied welfare benefits, for example, *id.*, and that the Canadian government improperly disseminated information about them. Compl. ¶ 66. The plaintiffs further believe that their records are being illegally maintained in New York state welfare records, court records, and other public records. Compl. ¶¶ 67–68. The plaintiffs also complain that the charges brought against them in New York state were part of an alleged conspiracy by the defendants. Compl. ¶¶ 88–113, and that Steven Lacey's arrest for filing a false instrument and larceny was also part of the conspiracy. Compl. ¶¶ 88–89. Finally, they claim that Steven Lacey was denied access to counsel during his incarceration, Compl. ¶¶ 93–101, that their

home was searched illegally, Compl. ¶¶ 104–106, and that they were physically threatened by law enforcement personnel. Compl. ¶ 112. All of the plaintiffs' allegations concern events that occurred either in New York State or between New York officials and Canadian officials. Compl. ¶¶ 120–57.

## II. Discussion

While the five groups of defendants move to dismiss on multiple grounds, the Court grants the defendants' motions on the ground that the Court lacks personal jurisdiction over the defendants under Federal Rule of Civil Procedure 12(b)(2) and 12(b)(5).[3]

### A. Standard for Personal Jurisdiction

1. *Personal Jurisdiction and the Minimum Contacts Analysis*

█ In a motion to dismiss for lack of personal jurisdiction where the defendants do not reside or are not incorporated in the forum state, the plaintiff has the burden of proving that the court has jurisdiction over the out-of-state defendants by alleging facts that connect the defendants to the forum. *First Chicago Int'l v. United Exchange Co., Ltd.*, 836 F.2d 1375, 1378 (D.C.Cir.1988); *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 785 (D.C.Cir.1983). "A court must first examine whether jurisdiction is applicable under the state's long-arm statute and then determine whether a finding of jurisdiction satisfies the constitutional requirements of due process." *GTE New Media Services Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C.Cir. 2000).[4]

---

**3.** A party may move to dismiss when there is "lack of jurisdiction over the person" or "insufficiency of service of process." Fed. R.Civ.P. 12(b)(2) and (5).

**4.** The District of Columbia's long-arm statute allows the Court to exercise jurisdiction over

someone "who acts directly or by an agent, as to a claim for relief arising from the person's ... causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persis-

A plaintiff must show "minimum contacts" between the defendant and the forum state to establish that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Under the "minimum contacts" standard, courts must ensure that "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being hauled into court there." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Minimum contacts alone, however, are not sufficient to justify bringing the out-of-state defendant into that forum; rather, the claim must be *related to* the contacts that the defendant maintains with the proposed forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (emphasis added).

### 2. *Personal Jurisdiction and Service of Process*

██ Service of process provides the defendants with due notice of the action against them. *F.T.C. v. Compagnie De Saint–Gobain–Pont–a–Mousson*, 636 F.2d 1300, 1313, n. 61 (D.C.Cir.1980) (stating that "service of process [is] primarily a notice-giving device"). Service of process places the defendants on notice of the suit. *Int'l Shoe Co.*, 326 U.S. at 320, 66 S.Ct. 154. If defendants are not properly

served, they have no ability to defend themselves, and adjudicating claims against them would deny them their due process right to notice and an opportunity to be heard. *See World–Wide Volkswagen Corp.*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490; *see generally Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Thus, without proper notice, the defendants cannot be subjected to the personal jurisdiction of the court. *Int'l Shoe Co.*, 326 U.S. at 320, 66 S.Ct. 154.

### B. *Defendants Goodspeed and Phelps*

██ The Court cannot exercise personal jurisdiction over defendants Goodspeed and Phelps because of improper service of process and consequently grants the defendants' motion to dismiss.

The plaintiffs clearly failed to properly serve defendants Goodspeed and Phelps. Because the plaintiffs chose to mail their summons and complaint, they should have done so according "to the law of the state in which the district court is located, or in which service is effected." Fed.R.Civ.P. 4(e)(1). The plaintiffs effected service in New York state. New York law requires that notice be personal, or if mailed, notice should be sent by first class mail with postage prepaid, together with a copy of the summons and complaint, two copies of a statement of service by mail, acknowledgment of receipt, and a return envelope with postage prepaid and addressed to the sender.[5] The plaintiffs' affidavit in sup-

---

tent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia." D.C.Code Ann. § 423(a) (2003). This section of the District of Columbia long-arm statute permits the exercise of personal jurisdiction to the full extent permitted by the Due Process Clause of the Constitution. *First Chicago Int'l*, 836 F.2d at 1377.

5. Section 308 of the New York Civil Practice Law & Rules states that notice shall be personal. N.Y.C.P.L.R. 308 (2003). Section 312–a states, "a summons and complaint, or summons and notice, or notice of petition and petition may be served by the plaintiff or any other person by mailing to the person or entity to be served, by first class mail, postage prepaid, a copy of the summons and complaint, or summons and notice or notice of

port of default judgment indicates that the plaintiffs sent the complaint and summons by registered mail, not first class mail, and does not show that they sent the other required documents. *See* Pls.' Aff. Supp. Default J. at 1; *see also* Defs.' Mem. Supp. Mot. Dismiss at 2. Because the defendants Goodspeed and Phelps did not receive proper service of process, they could not have been on notice of the suit and therefore the Court cannot exercise personal jurisdiction over them.[6]

### C. Defendants Wing and Pataki

■ While defendants Wing and Pataki assert many possible grounds to dismiss the complaint, the Court will grant their motion to dismiss because it cannot assert personal jurisdiction over these defendants. The plaintiffs do not put forth any substantial facts that connect defendants Wing and Pataki to the District of Columbia. While the plaintiffs assert that these defendants have "an ongoing business concern with the Washington D.C. [sic] community," Pls.' Opp'n Mot. Dismiss ¶ 21(2)(1), any working relationship that the defendants maintain with the District of Columbia is not related to the plaintiffs' claims. As officials in the state of New York, Commissioner Wing and Governor Pataki "have no presence or nexus to the District of Columbia." Defs.' Mem. Supp. Mot. Dismiss at 9. Any visits Commissioner Wing and Governor Pataki made to the District of Columbia are not related to the alleged conspiracy and violation of the Laceys' privacy. Pls.' Opp'n ¶ 22; *see Burger King Corp.*, 471 U.S. at 472, 105 S.Ct. 2174 (requiring a relationship between the defendant's contacts and the plaintiff's claim). Moreover, all of the allegations in the complaint concern events that occurred in New York state or between New York officials and Canadian officials. Compl. ¶¶ 120–57. The Court cannot find any way to assert personal jurisdiction over defendants Wing and Pataki given that they have no reasonable expectation of being submitted to suit in this forum.

### D. Defendants Yelle, Le Page, and Clute ("Clinton County Defendants")

■ The Court grants the Clinton County Defendants' motion to dismiss due to lack of personal jurisdiction. Defendants Yelle, Le Page, and Clute do not have sufficient minimum contacts in the District of Columbia to justify bringing them into this forum. Defs.' Mem. Supp. Mot. Dismiss at 1. The plaintiffs concede that the allegations took place in New York and Canada, *see, e.g.,* Compl. ¶ 142, and do not establish that the defendants had any contacts with the District of Columbia related to this claim. *See generally* Compl. ¶¶ 50–156. The plaintiffs have not alleged any facts connecting the defendants to this forum, *id.,* and the Court agrees that "[t]here is simply no allegation that Defendant Clinton Country has any ties or contacts whatsoever with the Dis-

---

petition and petition, together with two copies of a statement of service by mail and acknowledgment of receipt in the form set forth in subdivision (d) of this section, with a return envelope, postage prepaid, addressed to the sender." N.Y.C.P.L.R. 312–a (2003).

**6.** Even if they had been properly served, the plaintiffs have failed to allege any facts that connect these defendants to this forum. *See* Compl. ¶¶ 120–157. Indeed as persons who perform their official capacities in Warren County in the State of New York, O'Dell Aff. at 3, and reside in New York, Defs.' Mem. Supp. Mot. Dismiss at 4, they have no expectation of being brought into court in the District of Columbia. *See World–Wide Volkswagen Corp.*, 444 U.S. at 297, 100 S.Ct. 559. Thus the Court would also lack personal jurisdiction over these defendants on the separate grounds that they do not have sufficient contacts with the District of Columbia. *See* Defs.' Mem. Supp. Mot. Dismiss at 4.

trict of Columbia." *See* Defs.' Mem. Supp. Mot. to Dismiss at 3.

**E. *Defendants Anne McLellan, Giuliano Zaccardelli, and Lorne Zapotichny ("Canadian Government Defendants")***

■ The Court grants the Canadian Government Defendants' motion to dismiss because of a lack of personal jurisdiction. Like the above groups of defendants, these defendants have no contacts with the District of Columbia related to the plaintiffs' claim. Defendants McLellan, Zaccardelli, and Zapotichny have all been officials in the Canadian government. *See* Defs.' Mem. Supp. Mot. to Dismiss at 1. As Canadian government officials, they have not purposefully availed themselves of U.S. laws. *Id.* at 12. Likewise, they would have no expectation of being brought into this forum based on plaintiffs' allegations. *World–Wide Volkswagen Corp.*, 444 U.S. at 297.

Furthermore, the plaintiffs do not allege facts that connect the Canadian government defendants to this forum. *First Chicago Int'l*, 836 F.2d at 1378; *see generally* Compl. ¶¶ 120–56. The plaintiffs believe that because the defendants were served notice of the suit that was to occur in the District of Columbia, the defendants had the expectation of "being hauled into court in Washington D.C. [sic]." Pls.' Opp'n Mot. Dismiss at 8. Notice of suit alone, even when properly served, does not provide the defendants with the expectation that they will be subject to a court's jurisdiction, much less the jurisdiction of foreign state. *See Int'l Shoe Co.*, 326 U.S. at 316, 66 S.Ct. 154 (discussing the "minimum

contacts" standard for justifying a court's assertion of jurisdiction over an out-of-state defendant).[7] As such, the Court cannot exercise its jurisdiction over the Canadian Government Defendants and thereby grants their motion to dismiss.

**F. *Defendants John Baird and Ruth Locking***

■ As with the other defendants, the plaintiffs have also failed to allege facts that, if true, would sufficiently connect defendants Baird and Locking to the District of Columbia. Compl. ¶¶ 130, 132–38. While the plaintiffs allege a general conspiracy and violation of their privacy, there is no basis to believe that Baird and Locking reasonably anticipated being brought into this forum. *See generally* Compl. ¶¶ 132–39. Indeed, as the defendants correctly state, "two employees of Canadian social service agencies [cannot be said to avail] themselves of any benefits in the District of Columbia in an official capacity, and should have no reasonable expectation of defending themselves there." Defs.' Mem. Supp. Mot. Dismiss at 2. These defendants also lack the necessary minimum contacts in the District of Columbia and the Court cannot exercise personal jurisdiction over them.

### III. Order

For the above-stated reasons, it is on this 19th day of November, 2003, hereby

**ORDERED** that plaintiffs' motion to appoint counsel [# 9] is denied;

**ORDERED** that plaintiffs' motion for default judgment as to defendants Baird

---

7. Furthermore, United States courts may only obtain jurisdiction over a foreign state through the Foreign Sovereign Immunities Act ("FSIA"). *See Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 434, 109 S.Ct. 683, 102 L.Ed.2d 818 (1989). Foreign sovereigns are presumptively entitled to immunity from suit by a foreign state unless an exception from the FSIA applies, which is not the case here. *See* 28 U.S.C. § 1605(a) (2003).

and Locking [# 16] is denied pursuant to Fed.R.Civ.P. 55(b)(2) and *Jackson v. Beech,* 636 F.2d 831 (D.C.Cir.1980);

**ORDERED** that plaintiffs' motion for default judgment as to defendants Wing, Pataki, Clute, Le Page, and Yelle [# 17] is denied;

**ORDERED** that defendants Wing and Pataki's motion to vacate the entry of default against defendants [# 20] is granted;

**ORDERED** that defendants Baird and Locking's motion to vacate entry of default against defendants [# 33–1] is granted;

**ORDERED** that defendants Goodspeed and Phelps' motion to dismiss [# 8] is granted;

**ORDERED** that defendants Wing and Pataki's motion to dismiss [# 18] is granted;

**ORDERED** that defendants Yelle, Le Page, and Clute's motion to dismiss [# 21] is granted;

**ORDERED** that defendants Zaccardelli, McLellan, and Zapotichny's motion to dismiss [# 25] is granted;

**ORDERED** that defendants John Baird and Ruth Locking's motion to dismiss [# 33–2] is granted;

**SO ORDERED.**