RUDOLPH CONTRERAS, United States District Judge
On August 26, 2014, Plaintiff, Nadia Mokhtar, filed a motion for appointment of counsel. See ECF No. 89. In that motion, Ms. Mokhtar states that she has consulted with three potential attorneys, but she did not hire any of them because she "has never had the kind of money needed to pay the fees these lawyers are asking [for]." Id. Ms. Mokhtar also asserts that she is a "direct-hire full-time Government employee," but she does not provide her salary or any other financial information. See id.
A civil plaintiff is not guaranteed counsel. See Gaviria v. Reynolds , 476 F.3d 940, 943 (D.C. Cir. 2007). However, federal courts are authorized by statute to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (2006) ; accord. Willis v. FBI , 274 F.3d 531, 532 (D.C. Cir. 2001). In determining whether it is appropriate to appoint counsel to a pro se litigant proceeding in forma pauperis ,[1] courts in this district consider the following factors:
(i) the nature and complexity of the action;
(ii) the potential merit of the pro se party's claims;
(iii) the demonstrated inability of the pro se party to retain counsel by other means; and
(iv) the degree to which the interests of justice will be served by appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel.
See D.D.C. Civ. R. 83.11(b)(3); Gaviria , 476 F.3d at 943 (citing Rule 83.11 as "the appropriate metric for evaluating appointment of counsel").
In cases involving employment causes of action like those Ms. Mokhtar asserts here, courts consider a slightly different set of factors: "(1) the ability of the plaintiff to afford an attorney; (2) the merits of the plaintiff's case; (3) the efforts of the plaintiff to secure counsel; and (4) the capacity of the plaintiff to present the case adequately without aid of counsel." Poindexter v. FBI , 737 F.2d 1173, 1185 (D.C. Cir. 1984) ; see also Robinson-Reeder v. Am. Council on Educ. , 626 F.Supp.2d 11, 16 (D.D.C. 2009) (Title VII); Sconion v. Thomas , 603 F.Supp. 66, 68 (D.D.C. 1984) (Title VII and Rehabilitation Act). The D.C. Circuit has noted that our "local rule differs only slightly from the Poindexter factors[.]" Willis , 274 F.3d at 533. Because Ms. Mokhtar currently is proceeding pro se , the Court will construe her filings more *58 liberally than it would the formal pleadings or legal briefs drafted by lawyers. See Thompson v. HSBC Bank USA, N.A. , 850 F.Supp.2d 269, 273 (D.D.C. 2012).
Here, Ms. Mokhtar's motion gives the Court no information from which to evaluate whether she is capable of affording counsel, which is the first factor under the Poindexter standard. For example, the motion does not provide her present salary, and it does not address whether she can afford counsel through alternative means, such as other sources of income, savings, or by entering into a contingency arrangement, as well as what other expenses she has that are preventing her from affording counsel as a full-time employee. Although "a court should not insist that a plaintiff be destitute," Poindexter , 737 F.2d at 1186, a party seeking court-appointed counsel in a civil matter must present at least some evidence of financial need.
Because Ms. Mokhtar fails to make any demonstration regarding her financial inability to afford counsel, the Court finds it unnecessary at this time to address the remaining Poindexter factors. Accordingly, it is hereby
ORDERED that Plaintiff's motion for appointment of counsel is DENIED WITHOUT PREJUDICE . Ms. Mokhtar is free to submit a new motion that provides detailed information from which the Court may determine whether to appoint counsel under the Poindexter factors listed above.
SO ORDERED.

The Court notes that Ms. Mokhtar has not moved to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Indeed, she paid the filing fee with her complaint, and she has paid for a court reporter when conducting multiple depositions throughout discovery.