Robert Stanley PLIMPTON, Plaintiff,

v.

Dean HENLINE, Tom Alexander, Steven J. Brayant, J. Marlene Hyatt, and Charles Hipps, Defendants.

Robert Stanley Plimpton, Plaintiff,

v.

Evelyn Cooper, David Francis, Jack Horton, Mary Ann Enloe, Jim Stevens, Haywood County, C. Tom Alexander III, Bobby Suttles, Defendants.

Robert Stanley Plimpton, Plaintiff,

v.

Dean Henline, Defendant.

Nos. Civ.A. 00–1835 RMU, Civ.A. 00–2324 RMU, Civ.A. 00–2727 RMU.

United States District Court, District of Columbia.

Jan. 8, 2001.

---

**MEMORANDUM OPINION**

URBINA, District Judge.

TRANSFERRING THE ABOVE-CAPTIONED ACTIONS TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA; DENYING ALL PENDING MOTIONS WITHOUT PREJUDICE

## I. INTRODUCTION

This matter comes before the court on the defendants' motions to dismiss the *pro se* plaintiff's complaint in *Plimpton v. Henline, et al.*, Dkt. No.2000cv1835. After this case was randomly assigned to this district judge, the court's Calendar Committee assigned *Plimpton v. Cooper* (Dkt. No.2000 cv2324) and *Plimpton v. Henline* (Dkt. No.2000cv2727) to this district judge as "related" cases, pursuant to Local Civil Rule 40.5(c).[1] In the interest of judicial

---

1. Under Local Civil Rule 40.5, a case is automatically deemed related when it is "filed by a *pro se* litigant with a prior case pending." *See* LCvR 40.5(a)(3). Furthermore, a case is

economy, the court will handle the cases simultaneously for purpose of ruling on improper venue.[2] The court concludes, pursuant to Title 28 U.S.C. § 1406(a), that venue for all three above-captioned cases is improper in the District of Columbia. Furthermore, the court deems it in the interest of justice to transfer these cases to the United States District Court for the Western District of North Carolina.

## II. BACKGROUND

Two of these cases (2000cv1835 and 2000cv2727) arise out of the alleged unlawful arrest and detention of the plaintiff by local law enforcement personnel in the city of Canton, North Carolina.[3] Deputy Sheriff Dean Henline arrested Mr. Plimpton during a traffic stop on December 14, 1996. *See* Compl. at 13. According to Mr. Plimpton, Deputy Henline pulled him over and asked to see his driver's license. *See id.* After Mr. Plimpton handed over an "International Motorist Qualification," Deputy Henline informed him that there was a warrant out for his arrest. *See id.* Mr. Plimpton alleges that he was then arrested and jailed without proper cause for arrest. Mr. Plimpton also claims that he did not receive the proper *Miranda* warnings. *See id.* At the trial following Mr. Plimpton's arrest, he was convicted in 1997 of driving without an operator's license. *See* Compl. at 14; Mot. to Dis. at 4 (Bryant, Hyatt, and Hipps).

On July 28, 2000, Mr. Plimpton, proceeding *pro se*, filed a complaint in this court alleging numerous violations of constitutionally protected rights, as well as state-law claims. The defendants unanimously assert that this court has no personal jurisdiction over the defendants and that venue is improper in the District of Columbia. The court agrees with the defendants on this point and, without addressing the merits of the case, rules that the interests of justice would be served by transferring these cases to the United States District Court for the Western District of North Carolina.

## III. DISCUSSION

If a case is filed in a jurisdiction in which venue is improper, Title 28 U.S.C. § 1406(a) permits a court to transfer the case to any other district in which the case could have been brought if it is "in the interest of justice." *See* 28 U.S.C. § 1406(a). Similarly, under Title 28 U.S.C. § 1404(a), if a case is filed in a jurisdiction where venue is proper, the court may transfer the case to any other district where it might have been brought for "the convenience of parties and witnesses" or "in the interest of justice." *See Rhee Bros., Inc. v. Seoul Shik Poom, Inc.*, 869 F.Supp. 31, 33 (D.D.C.1994); *Reiffin v. Microsoft Corp.*, 104 F.Supp.2d 48 (D.D.C.).

■ In this case, venue is not proper in the District of Columbia. Rather than dismiss the action, however, the court will

related to another for the purpose of LCvR 40.5 if "the earliest is still pending on the merits in the District Court and they (i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction...."

2. The court, however, does not consolidate these cases by transferring them simultaneously to the same court. Instead, the transferee court may consolidate these actions, if it deems it appropriate to do so.

3. In *Plimpton v. Cooper et al.* (2000cv2324), the plaintiff alleges a different set of facts. Because the same *pro se* plaintiff incorrectly filed this case in the District of Columbia, the court will also transfer this case to the district in which the alleged events giving rise to the cause of action occurred, and where the parties reside, namely, the Western District of North Carolina.

address the defect in the *pro se* plaintiff's complaint by transferring it to a proper forum pursuant to Title 28 U.S.C. § 1406(a). A transfer to an appropriate judicial district, rather than a dismissal, would be "in the interest of justice," as contemplated by section 1406(a), because it would eliminate any delay and additional expense associated with refiling this matter in another forum.

 Even assuming *arguendo* that the District of Columbia were the appropriate forum, the court still concludes that, pursuant to Title 28 U.S.C. § 1404(a), this matter should be transferred to the United States District Court for the Western District of North Carolina because that district has substantial ties with this matter and is considerably more convenient for the parties. As detailed above, the operative facts occurred entirely in the Western District of North Carolina. *See* Mot. to Dis. at 3 (Alexander and Henline). Specifically, any unlawful arrest, detention, deprivation of property, or unlawful conspiracy took place in North Carolina. *See id.* Furthermore, the related criminal action that constitutes the alleged unlawful conspiracy or wrongdoing occurred in North Carolina. *See* Mot. to Dis. at 2 (Bryant, Hyatt, and Hipps). Finally, all of the parties (with the possible exception of defendant Magistrate Don Bramlett) reside within the Western District of North Carolina. *See* Mot. to Dis. at 3 (Alexander and Henline). In short, this court cannot determine any fact or event that would even remotely warrant a finding of proper venue in the District of Columbia. There appears to be no connection between this case and the District of Columbia at all, other than the filing of this suit.

Given these facts, the court concludes that, pursuant to Title 28 U.S.C. § 1406(a), it is in the interest of justice and far more convenient for the parties to litigate their disputes in the United States District Court for the Western District of North Carolina. The court shall therefore transfer the above-captioned actions to that district.

## IV. CONCLUSION

For all of these reasons, the court shall transfer these cases to the United States District Court for the Western District of North Carolina. Moreover, the court shall deny all other motions without prejudice, and the parties may refile them with leave of the transferee court. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this *8* day of January, 2001.