Anita M. WASHINGTON, Plaintiff,

v.

GENERAL ELECTRIC
CORP., Defendant.

Civ. A. No. 88–230.

United States District Court,
District of Columbia.

June 27, 1988.

George A. Bates, Charlottesville, Va., and, on brief, Margaret M. Cain, and Warren C. White, Hyattsville, Md., for plaintiff.

Stephen W. Robinson, McGuire, Woods, Battle & Boothe, Washington, D.C., for defendant.

## INTRODUCTION

CHARLES R. RICHEY, District Judge.

Plaintiff, a 46–year-old woman, was employed by defendant from December 20, 1972 through December 5, 1986. In this suit, she charges defendant with discrimination on the basis of race and sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., discrimination on the basis of age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et*

seq., and violation of the Equal Pay Act, 29 U.S.C. § 206.

Defendant has moved to dismiss or transfer this suit on the grounds that venue is improper in the District of Columbia. The Court has carefully considered defendant's motion, the legal memoranda submitted by both parties, the arguments advanced in open Court, and the underlying law. The Court finds that venue is not proper in this district and that the interests of justice would best be served by transferring this suit to the judicial district where venue is proper. Accordingly, the Court will transfer this action to the Western District of Virginia.

## VENUE IS NOT PROPER IN THE DISTRICT OF COLUMBIA.

Generally speaking, venue must be established for each cause of action. *See, e.g., Lamont v. Haig,* 590 F.2d 1124, 1135 (D.C.Cir.1978); *Hayes v. RCA Service Co.,* 546 F.Supp. 661, 664 (D.D.C.1982). While this rule has been relaxed in those special circumstances in which "pendent venue" is appropriate, *see, e.g., Laffey v. Northwest Airlines, Inc.,* 321 F.Supp. 1041, 1042 (D.D. C.1971), *aff'd in part, vacated and remanded in part on other grounds,* 567 F.2d 429 (D.C.Cir.1976), *cert. denied,* 434 U.S. 1086, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1978), it is clear that venue must be established at least for the principal cause of action if one can be identified. *Hayes v. RCA Service Co.,* 546 F.Supp. at 664.

Although plaintiff has raised a multitude of claims, she stated in open court that the Title VII claim was the "principal" claim on which she relied. As such, the law demands that this suit can go forward here only if venue is appropriate under the special venue provisions governing Title VII. *See, e.g., Turbeville v. Casey,* 525 F.Supp. 1070, 1071 (D.D.C.1981); *see also, Hayes v. RCA Service Co.,* 546 F.Supp. at 664.[1]

1. The Court understands that one member of the United States Court of Appeals for the District of Columbia Circuit has criticized the holding in *Hayes v. RCA Service Co. See Stebbins v.*

*Nationwide Mutual Insurance Co.,* 757 F.2d 364, 369–71 (D.C.Cir.1985) (Edwards, J., concurring). In his concurrence in *Stebbins,* Judge Edwards took issue with *Hayes's* rule that a Title VII

Under the Title VII venue provision, a Title VII action

> ... may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e–5(f)(3). Under the terms of this statute and the facts of this case, the District of Columbia is not a proper venue for plaintiff's action.

■ Under § 2000e–5(f)(3), the Court's first inquiry must be the locus of the alleged discrimination. Plaintiff alleges that "the unlawful employment practices and discrimination" of which she complains "were committed within the State of Virginia," *Complaint* at ¶ 3, most of them while plaintiff was employed in defendant's Charlottesville, Virginia plant, *id.* at Attachment—Employment History. Thus, plaintiff cannot claim that she has sued defendant in a judicial district "in the State in which the unlawful employment practice" was allegedly committed.

The Court must next determine the locus of the relevant employment records. While plaintiff argues that some of her employment records are available at the Equal Employment Opportunity Commission in Washington, D.C., she cannot maintain that the "employment records relevant to [the allegedly discriminatory employment] practice" are "maintained and administered" here. Because it is undisputed that defendant's records relating to plaintiff's employ-

ment are "maintained and administered" at defendant's Charlottesville plant, *Borwhat Affidavit,* venue would be proper in the Western District of Virginia, where Charlottesville is located.

Plaintiff argues that a copy of her employment records is also on file at the Equal Employment Opportunity Commission in Washington, D.C. Assuming *arguendo* that this is true, it is not sufficient to establish venue in the District of Columbia. Although Congress could easily have written the statute to make venue proper in *any* judicial district in which employment records may be found, it did not choose to do so. Rather, the prong of the Title VII venue statute that concerns employment records speaks of *"the* judicial district" in which employment records are "maintained and administered." From the statute's use of the singular, it is clear that Congress intended venue to lie on the basis of the presence of records only in the one judicial district in which the complete, "master" set of employment records is "maintained and administered." That one district is the Western District of Virginia.

Finally, there can be little question but that plaintiff "would have worked" in Charlottesville "but for the alleged unlawful employment practice." Although plaintiff claims that she might have been transferred if she had not been the victim of unlawful discrimination, plaintiff cannot point to a particular location to which that transfer might have brought her. Indeed, the only information before the Court is that plaintiff had been working in Charlottesville and would be working there absent the defendant's allegedly illegal conduct. *Complaint* at ¶¶ 3, V(2), VI(2).

Thus, under Title VII's special venue provision, venue can properly be laid in the State of Virginia or the Western District of Virginia if the defendant can be found in

---

claim is necessarily the "principal" cause of action when it is brought together with a § 1981 claim; in particular, he disagreed with the idea that a § 1981 claim must also be dismissed if a Title VII claim is dismissed for improper venue. *Id.* at 369–70. Judge Edwards did not, however, quarrel with the proposition that Title VII's venue rules apply in a case raising both Title VII

and other claims if the Title VII claim can be deemed the "principal" cause of action. *Id.* at 370. And, as plaintiff has admitted that Title VII is her "principal" claim, the Court need not undertake the potentially risky action of denominating one or another cause of action the "principal" feature of plaintiff's case.

**364**

one of those judicial districts. As defendant admits that it is located in the Western District of Virginia, *Borwhat Affidavit,* venue is proper there. Consequently, plaintiff's allegation that Washington, D.C., is defendant's principal place of business is not relevant to the question of proper venue.

 Plaintiff has informed the Court that she would prefer a transfer of this case to the Western District of Virginia if the Court found venue improper here. Under 28 U.S.C. § 1406(a), the Court is empowered to transfer a case in which venue was improperly laid to any judicial district in which it might have been brought; this statute applies when venue is improper under Title VII's special venue provision just as it applies when venue is judged by the generally applicable venue requirements. *See, e.g., Turbeville v. Casey,* 525 F.Supp. 1070, 1072 (D.D.C.1981). Because the Court finds that transfer of this case is in the interests of justice, the Court will transfer this suit to the Western District of Virginia.

The Court will memorialize these findings in an Order, of even date herewith, which will accompany this Opinion.

### ORDER

In accordance with the Opinion in the above-captioned case, issued of even date herewith, and for the reasons set forth therein, it is this 27 day of June, 1988,

ORDERED that defendant's motion to dismiss shall be, and hereby is, denied; and it is

FURTHER ORDERED that defendant's motion to transfer this case to the Western District of Virginia shall be, and hereby is, granted; and it is

FURTHER ORDERED that the Clerk of the Court shall transmit the docket and file in this case, along with a copy of this Order, to the United States District Court for the Western District of Virginia.