**2215 FIFTH STREET ASSOCIATES, LP, Plaintiff,**

v.

**U–HAUL INTERNATIONAL, INC., Defendant.**

**CIV.A. No. 1:00CV02872 (ESH).**

United States District Court, District of Columbia.

July 9, 2001.

Stephen R. Smith, Powell, Goldstein, Frazer & Murphy, Washington, DC, for Plaintiff.

Linda Beth Popejoy, Kevin B. Bedell, Kathryn Louise Clune, Dorsey & Whitney, L.L.P., Washingon, DC, for Defendant.

## MEMORANDUM OPINION

HUVELLE, District Judge.

Plaintiff 2215 Fifth Street Associates, LP ("2215 Associates") has filed suit seeking a declaratory judgment that an Option Agreement entered into between 2215 Associates and defendant U–Haul International, Inc. ("U–Haul International") is "null, void and unenforceable." (Compl. § 2.) In response, defendant has moved to dismiss the complaint pursuant to Fed. R.Civ.P. 12(b)(3) and 28 U.S.C. § 1406(a), arguing that venue is improper in this District. In the alternative, defendant moves to transfer the action to the United States District Court for the District of Arizona. Upon review of the pleadings and the record herein, the Court denies defendant's motion to dismiss, but will grant defendant's motion to transfer this action to the United States District Court for the District of Arizona. Given this resolution of defendant's motion to transfer, the Court need not address plaintiff's Motion for Leave to File a First Amended Complaint.

## BACKGROUND

This action concerns the ownership of real property (the "Property") consisting of an "off-site" storage facility located in the District of Columbia. (Compl.¶ 1.) Plaintiff 2215 Associates is a limited partnership organized under the laws of the District of Columbia (the "District") with its principal place of business in the District. (Compl.¶ 5.) Defendant U–Haul International is a corporation organized under the laws of the State of Nevada with

its principal place of business in Phoenix, Arizona. (*Id.* ¶ 6.)

In 1993, defendant purchased a loan previously made to plaintiff and secured by a deed of trust on the Property and personally guaranteed by plaintiff's four general partners. (*Id.* ¶ 8; Def. Mem. of Law in Support of Mot. to Dismiss ("Def.Mem.Law.") at 2.) At the time of the purchase, the loan was in default. (Compl.¶ 8.) Subsequently, defendant proposed restructuring plaintiff's debt, and thereafter the terms of the restructuring were agreed upon, although plaintiff alleges that it "had no choice in the terms of the restructuring." (Pl. Opp. to Motion to Dismiss ("Pl.Opp.") at 2–4.) Pursuant to those terms, on August 1, 1993, plaintiff issued two promissory notes to defendant for $2,139,049 and $540,000. (Compl.¶ 9.)

Additionally, an Option Agreement was executed whereby defendant obtained an option to purchase the Property for a price determined by a formula set forth in the Option Agreement, with the closing of the sale to take place between June 1, 2000 and December 1, 2000. (Compl. ¶ 10; Compl. at Ex. 3.) The Option Agreement granted defendant the right to exercise the option to purchase the Property by providing written notice to plaintiff between August 1, 1999 and March 1, 2000. (*Id.*) In accordance with those terms, defendant exercised the option in a written notice dated November 22, 1999. (Compl.¶ 10; Compl. at Ex. 4.) Plaintiff contends that it resisted defendant's exercise of the option immediately upon receiving defendant's notice. (Compl.¶ 13.)

Plaintiff filed suit on November 30, 2000, seeking a declaratory judgment that the Option Agreement is "null, void and unenforceable."[1] (Compl.¶ 2.) In its answer, defendant claimed that venue was improper in this District because of a forum selection clause contained in the Option Agreement, which requires any litigation to be brought in federal court in Arizona or, if the federal courts do not have jurisdiction, in Arizona state court. (Defendant's Answer to Compl. ("Def.Answer") at 4.) Defendant now moves pursuant to Fed. R.Civ.P. 12(b)(3) and 28 U.S.C. § 1406(a) for an order dismissing this action for improper venue.[2] In the alternative, defendant moves pursuant to 28 U.S.C. § 1406(a) to transfer this case to the United States District Court for the District of Arizona.

## LEGAL ANALYSIS

### I. Standard of Review

█ Pursuant to Fed.R.Civ.P. 12, a claim should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cana-*

---

1. In the complaint, plaintiff claims that defendant "demanded" that plaintiff execute the Option Agreement as part of any debt restructuring and required plaintiff to employ defendant's subsidiary as manager of the Property, an appointment which plaintiff contends led to a drastic reduction in the purchase price of the Property due to that party's mismanagement of the Property. (Compl.¶¶ 16–18.) Defendant maintains that plaintiff's refusal to close the sale of the Property is motivated by its desire to avoid tax liabilities. (*See* Def. Mem. of Law in Support of Mot. to Dismiss ("Def.Mem.Law") at 3.)

2. Defendant presents two arguments to support its claim of improper venue. First, defendant argues that venue is improper in this District because the Option Agreement requires any litigation arising out of or related to the Option Agreement to be brought in Arizona. (Def. Mem. Law at 1.) Second, notwithstanding the forum selection clause, defendant claims that venue is improper under 28 U.S.C. § 1391(a) because the events that give rise to this action did not occur in this District, and contrary to plaintiff's assertion, the Property is not the subject of this litigation. (*Id.*)

dy v. Nat'l Hosp. for Orthopaedics and Rehab., 1995 WL 322449, at *1 (D.D.C. May 18, 1995) (quoting Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). In deciding a motion to dismiss, a court "must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiffs." Fitts v. Fed. Nat'l Mortgage Ass'n, 44 F.Supp.2d 317, 321 (D.D.C.1999). However, a court need not accept plaintiffs' legal conclusions as true. See Artis v. Greenspan, 158 F.3d 1301, 1306 (D.C.Cir. 1998). On a motion to dismiss for improper venue under Fed.R.Civ.P. 12(b)(3), facts must be presented that will defeat plaintiff's assertion of venue. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d § 1352 (2d ed.1990); see, e.g., Totalplan Corp. of America v. Lure Camera, Ltd., 613 F.Supp. 451, 459 (D.C.N.Y.1985).

## II. Forum Selection Clause

 Forum selection clauses are to be considered "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." The M/S Bremen v. Zapata Off–Shore Co., 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972) (footnote omitted). Thus, there is a strong presumption in favor of upholding such clauses "absent some compelling and countervailing reason." Id. at 15, 92 S.Ct. 1907. In particular, a forum selection clause should be enforced unless the resisting party can show "that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching . . . [or that] enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." Id. Moreover, "in light of present-day commercial realities and expanding international trade," the party

seeking to avoid the forum selection clause bears the burden of demonstrating that "trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." Overseas Partners, Inc., v. PROGEN Musavirlik ve Yonetim Hizmetleri, Ltd., 15 F.Supp.2d 47, 54 (D.D.C.1998) (quoting The M/S Bremen, 407 U.S. at 18, 92 S.Ct. 1907); see also Commerce Consultants Int'l, Inc. v. Vetrerie Riunite S.p.A., 867 F.2d 697, 699 (D.C.Cir.1989) (concluding that a forum selection clause should be upheld even in light of serious doubts about the fairness of trial under Italian rules of discovery).

Defendant argues that venue is improper in the District because the forum selection clause contained in the Option Agreement requires plaintiff to litigate this matter in the United States District Court for the District of Arizona. The clause at issue provides:

This Agreement shall be construed in accordance with the laws of the State of Arizona. Each party agrees that any legal proceedings commenced by such party in respect to the terms and provisions of this Agreement or any collateral agreements between the parties of even date herewith shall be commenced in the federal courts in the State of Arizona or, if the federal courts do not have jurisdiction, in the state courts of the State of Arizona.

(Compl., Ex. 3 ¶ 10.12.) For the reasons expressed herein, the Court agrees with defendant that this forum selection clause should be enforced.

 As a preliminary matter, the Court finds that the language of the clause is clear and unambiguously establishes Arizona as the chosen forum for any dispute arising under the Option Agreement. In evaluating the enforceability of forum se-

lection clauses similar to the one at issue in this case, such clauses are to be enforced unless it is shown that "(1) formation of the clause was tainted by fraud or overreaching; (2) enforcement would effectively deprive the complaining party of his day in court or deprive him of any remedy; or (3) enforcement would contravene a strong public policy of the forum state." *Marra v. Papandreou*, 59 F.Supp.2d 65, 70 (D.D.C.1999), *aff'd*, 216 F.3d 1119, 1123 (D.C.Cir.2000). The Court finds that none of these exceptions applies in this case.

■■■ Plaintiff does not argue that the forum selection clause is the product of any fraud on the part of defendant, but rather claims that the forum selection clause is unenforceable because it is the fruit of defendant's "overwhelming, and virtually unfettered, bargaining power." (Pl. Opp. at 20.) Plaintiff bears the burden of establishing duress or coercion, and "[f]raud and overreaching must be specific to a forum selection in order to invalidate it." *Haynsworth v. The Corporation*, 121 F.3d 956, 963 (5th Cir.1997), *cert. denied*, 523 U.S. 1072, 118 S.Ct. 1513, 140 L.Ed.2d 666 (1998); *see Scherk v. Alberto–Culver Co.*, 417 U.S. 506, 519 n. 14, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974) (asserting that a forum selection clause is not enforceable if its inclusion in the contract was the product of fraud or coercion). Accordingly, a forum selection clause would be invalid if it had been concealed by one party or if an overbearing party had forced a relatively unsophisticated party to include it within the contract. *See Hartash Constr., Inc. v. Drury Inns, Inc.*, 2000 WL 1140498, at *2 (E.D.La. Aug.11, 2000) (finding that the forum selection clause was not so one-sided in favor of defendant that it was the product of overreaching).

■■■ Plaintiff argues that defendant threatened it, as well as its partners, with "financial ruin" if it did not accept the terms of the loan restructuring and enter into the Option Agreement, thereby rendering the forum selection clause invalid. (Pl. Opp. at 20.) Whether this allegation is accurate is not determinative, since plaintiff fails to put forth any evidence that the clause at issue was the product of coercion. Therefore, even if the parties were of unequal bargaining power, the evidence before the Court supports the conclusion that the "choice of forum was made in an arm's-length negotiation by experienced businessmen." *Commerce Consultants*, 867 F.2d at 700 (quoting *The M/S Bremen*, 407 U.S. at 12, 92 S.Ct. 1907). Plaintiff entered into the agreement with the advice of counsel, and although plaintiff's bargaining position may have been significantly weakened due to its financial situation, defendant played no role in creating plaintiff's economic distress. (*See* Declaration of Donald Murney ("Second Murney Decl.") ¶ 20.) Indeed, plaintiff was "several hundreds of thousands of dollars in arrears in loan payments" when defendant acquired a loan made earlier to plaintiff by another party. (Pl. Opp. at 20; *see also* Def. Reply Mem. in Support of Mot. to Dismiss ("Def.Reply") at 4.) Moreover, even if defendant occupied a "superior bargaining power [vis-a-vis the consortium], that alone would not necessarily make the clause the product of duress." *Marra*, 59 F.Supp.2d at 71. " 'Financial pressures, even in the context of unequal bargaining power, do not constitute economic duress.' " *Goldstein v. S & A Restaurant Corp.*, 622 F.Supp. 139, 145 (D.D.C.1985) (quoting *Grubel v. Union Mut. Life Ins. Co.*, 54 A.D.2d 686, 387 N.Y.S.2d 442, 443 (1976)). In fact, "proof of 'business compulsion' requires 'a showing that the victim's financial straits were *caused by* the other party.' " *Id.* (quoting *National American Corp. v. Federal Republic of Nigeria*, 448 F.Supp. 622, 644 (S.D.N.Y.

1978), *aff'd,* 597 F.2d 314 (2d Cir.1979) (emphasis added)). *See also Sind v. Pollin,* 356 A.2d 653, 657 (D.C.App.1976) (concluding that "[t]o constitute duress or business compulsion there must be more than a mere threat which might possibly result in injury at some future time, such as a threat of injury to credit in the indefinite future . . . .").

█ Although plaintiff emphasizes the relative disparity in the bargaining positions of the parties throughout the negotiation process, "the presumption in favor of enforcing a forum selection clause applies even if the clause was not the product of negotiation." *Marra,* 59 F.Supp.2d at 70; *see Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 595, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991) (upholding the validity of the choice-of-forum clause contained in a form passenger ticket even though it was not the product of bargaining); *see also Milanovich v. Costa Crociere, S.p.A.,* 954 F.2d 763, 768 (D.C.Cir.1992) (finding that enforcement of the choice-of-law provision in a passenger ticket would not contravene any policy of the forum in which the suit was brought). Accordingly, the Court finds that plaintiff has failed to show "that enforcement [of the forum selection clause] would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching," and, therefore, the clause is enforceable. *The M/S Bremen,* 407 U.S. at 15.

## III. Timeliness of Defense of Improper Venue

█ Notwithstanding the validity of the forum selection clause at issue, plaintiff argues that defendant has waived any objection to venue either in general or based on the forum selection clause. (*See* Pl. Opp. at 7.) Pursuant to Fed.R.Civ.P. 12(b)(3), the defense of improper venue must be raised either in a responsive

pleading or by a motion to dismiss. Additionally, Fed.R.Civ.P. 12(h)(1) provides that certain Rule 12 defenses, including improper venue, are waived if "neither made by motion under the rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course." Accordingly, a party asserting improper venue must do so "in [its] first defensive move." *George Washington Univ. v. DIAD, Inc.,* 1996 WL 470363, at *1 (D.D.C. Aug.9, 1996) (quoting *Barnstead Broadcasting Corp. v. Offshore Broadcasting Corp.,* 869 F.Supp. 35, 38 (D.D.C.1994)); *Glater v. Eli Lilly & Co.,* 712 F.2d 735, 738 (1st Cir.1983).

█ Defendant asserted in its answer the defense of improper venue based on the forum selection clause contained in the Option Agreement, and shortly thereafter, it moved to dismiss the action for improper venue on the same ground under Rule 12(b)(3) and 28 U.S.C. § 1406(a). (*See* Def. Answer at 4; *see also* Def. Mot. to Dismiss.) The Court disagrees with plaintiff's contention that defendant has waived any objection to improper venue based on the forum selection clause by taking part in this case and cooperating in settlement negotiations for six months without acting on its objection. (*See* Pl. Opp. at 8.) The Court is persuaded by defendant's presentation of the history of the parties' settlement discussions, which indicates that defendant's timely objection to venue was not abandoned during such settlement efforts. Furthermore, the Court finds that "the period was not so great and the prejudice incurred by plaintiffs was not so detrimental as to require a holding that the initial objection was abandoned." *Asociacion De Pescadores De Vieques, Inc. v. United States,* 497 F.Supp. 54, 56 (D.P.R.1979). Because of defendant's timely allegation of improper venue in both its answer and its motion, the Court finds that defendant has

seasonably challenged venue and there has been no waiver. *See Turbeville v. Casey*, 525 F.Supp. 1070, 1072 (D.D.C.1981) (holding that challenge to venue was timely asserted where defendants in Title VII suit raised issue of improper venue by filing motion to dismiss or to transfer on that ground in lieu of an answer).

## IV. Venue Pursuant to 28 U.S.C. § 1391(a)

Before determining the appropriate provision with which to analyze and give effect to the forum-selection clause in this case, the Court must decide whether venue properly lies in the District of Columbia. *Asia North America Eastbound Rate Agreement v. Pacific Champion Service Corp.*, 864 F.Supp. 195, 198 (D.D.C.1994). In a suit based on diversity jurisdiction, as is the case here, venue is proper in: "(1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced, if there is

no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a).

 Despite defendant's argument to the contrary, the Court finds that venue is proper in the District of Columbia pursuant to § 1391(a)(2) because "a substantial part of the events or omissions giving rise to the claim occurred [in this District], or a substantial part of property that is the subject of the action is situated [in this District]." 28 U.S.C. § 1391(a)(2). Given the location of the Property and the centrality of the Property to the negotiations regarding the Option Agreement, venue properly lies here in the District. *See, e.g., Trout Unlimited v. U.S. Dep't of Agriculture*, 944 F.Supp. 13, 16 (D.D.C.1996) (finding venue proper where "plaintiffs' claims arise out of a nucleus of facts that involve property that is entirely within the state of Colorado").

## V. Motion to Transfer to Contractual Forum

 In *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 23, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988), the Supreme Court held that federal law, and in particular 28 U.S.C. § 1404(a), controls the determination whether to uphold a forum selection clause and to transfer an action to the forum specified in the contract.[3] Citing

---

**3.** There is considerable uncertainty among the federal courts concerning the proper provision with which to give effect to a forum selection clause. *Marra v. Papandreou*, 216 F.3d 1119, 1123 n. 3 (D.C.Cir.2000). *See* Walter W. Heiser, *Forum Selection Clauses in Federal Courts: Limitations on Enforcement After Stewart and Carnival Cruise*, 45 Fla. L.Rev. 553, 563 (1993) (observing that the issue of forum selection clause enforceability may emerge in several different procedural contexts in federal court); *see also* Leandra Lederman, Note, *Viva Zapata! Toward a Rational System of Forum–Selection Clause Enforcement in Diversity Cases*, 66 N.Y.U.L.Rev. 422, 432–35 (1991) (noting that defendants "invoke an assortment of rules and concepts"

to transfer or dismiss cases on forum-selection clause grounds).

If venue is determined to be improper, 28 U.S.C. § 1406(a) directs a court to either dismiss the action, or, "if it be in the interest of justice," to transfer the case to any other district in which the case could have been brought. *Plimpton v. Henline*, 2001 WL 210263, at *2 (D.D.C. Jan.8, 2001); *Trenwyth Indus., Inc. v. Burns and Russell Co. of Baltimore City*, 701 F.Supp. 852, 856 (D.D.C. 1988). Defendant is seeking to dismiss, or alternatively to transfer, this action under § 1406(a). However, because the Court has found venue to be proper in this District, it concludes that § 1404(a) is the appropriate provision with which to determine the propri-

*Stewart,* this Circuit has classified the "forum-selection clause defense . . . as a venue objection analogous to a forum non conveniens motion or motion for transfer of venue under 28 U.S.C. § 1404(a)." *Marra,* 216 F.3d at 1123. However, "[t]he presence of a forum-selection clause such as the parties entered into in this case will be a significant factor that figures centrally in the district court's analysis." *Stewart,* 487 U.S. at 29, 108 S.Ct. 2239. "Adherence to the forum-selection clause is not an obligation owed by [plaintiff] to [defendant], but a condition precedent to suit under the contract, binding equally on both parties." *Marra,* 216 F.3d at 1125.

Guided by the aforementioned analogy, which plaintiff appears to accept in its Opposition, this Court has held that when parties have agreed to a forum selection clause, the traditional analysis is altered and "in light of present-day commercial realities . . . the forum clause should control absent a strong showing that it should be set aside." *Overseas Partners,* 15 F.Supp.2d at 54 (quoting *The M/S Bremen,* 407 U.S. at 15, 92 S.Ct. 1907). Furthermore, it is "incumbent on the party seeking to escape his contract to show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *Id.* (quoting *The M/S Bremen,* 407 U.S. at 18, 92 S.Ct. 1907). The Court concludes that plaintiff has failed to satisfy that burden. *See Carnival Cruise Lines,* 499 U.S. at 591–92, 111 S.Ct. 1522 (finding that plaintiffs did not satisfy the " 'heavy burden of proof' . . . required to set aside the clause on grounds of inconvenience").

■■■ As the Court has already observed, there is no doubt that the forum selection clause at issue in this case requires that any and all litigation pertaining to the Option Agreement be brought in Arizona. Contract provisions such as the one at issue here are commonplace, and they "should be respected as the responsible expression of the intention of the parties so long as there is no proof that [their] provisions will put one of the parties to an unreasonable disadvantage and thereby subvert the interests of justice." *Furbee v. Vantage Press,,* 464 F.2d 835, 836 (D.C.Cir.1972) (affirming district court's dismissal of a case for improper venue based on a contract provision requiring that suit be brought in a given forum) (quoting *Central Contracting Co. v. Maryland Casualty Co.,* 367 F.2d 341, 345 (3d Cir.1966)). Plaintiff evidently agreed that any inconveniences were manageable when it agreed to its inclusion in the Option Agreement. *See Overseas Partners,* 15 F.Supp.2d at 55 (emphasizing that any obstacles experienced by plaintiff as a result of enforcing the forum selection clause "were or should have been readily apparent to plaintiff, a sophisticated commercial entity, at the time it agreed to the choice-of-law and forum-selection clause"); *see also Asia North America,* 864 F.Supp. at 199 (asserting that "[c]ommon sense dictates that this choice of forum should not be upset where the parties have agreed *ex ante* to resolution of disputes in that forum").

The Court notes that a consideration of other factors emphasized by plaintiff in its analysis also favors transferring the action to Arizona. For instance, the Court accords weight to the governing law provision contained in the Option Agreement, which clearly favors a transfer. (*See* Compl. at Ex. 3 ¶ 10.12 (providing that the

ety of a transfer to Arizona. That provision provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a

district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

Option Agreement "shall be construed in accordance with the laws of the State of Arizona").) In addition, because of the conflicting positions of the parties, it is difficult at this point to determine whether a trial in Arizona will seriously inconvenience the witnesses in this case, and, therefore, "the Court is unable to find a clear preference" for either forum in that regard. Moreover, the Court has already concluded that defendant has timely moved to dismiss or transfer this action, and there is considerable doubt that a transfer to the District of Arizona would lead to unnecessary delay, *see Kafack v. Primerica Life Ins. Co.*, 934 F.Supp. 3, 9 (D.D.C.1996) (granting defendant's motion to transfer a suit based on diversity pursuant to § 1404(a)), and it is not at all evident that this Court is better-equipped to adjudicate the underlying merits of this case. *See id.* Finally, while plaintiff's choice of forum is traditionally accorded considerable weight, the Court finds that this factor cannot outweigh the forum selection clause that was contracted for by the defendant. *See Stewart*, 487 U.S. at 29, 108 S.Ct. 2239 (concluding that the presence of a forum selection clause will be a significant factor in a district court's discretionary analysis under § 1404(a)).

In sum, the Court is convinced that the parties agreed in advance that venue would be proper in the District of Arizona. Furthermore, the Court finds that plaintiff "has fallen short of making a showing that would entitle it under *The Bremen* to avoid the contractual commitment into which it freely entered." *Commerce Consultants*, 867 F.2d at 700 (affirming district court's dismissal of a case for improper venue based on a choice-of-forum clause). Accordingly, the Court concludes that the interests of justice would best be served by enforcing the parties' forum selection clause by the transfer of this action to Arizona. *See The Bremen*, 407 U.S. at 13,

92 S.Ct. 1907 (finding compelling reasons for enforcing freely negotiated forum selection clauses).

### CONCLUSION

For the reasons set forth above, the Court finds that the forum selection clause is valid and enforceable. Because venue is proper in this District, the Court denies defendant's motion to dismiss for improper venue under Rule 12(b)(3). However, the Court finds that, pursuant to 28 U.S.C. § 1404(a), it is in the interests of justice to transfer this action to the United States District Court for the District of Arizona.

A separate order accompanies this opinion.

### ORDER

This matter is before the Court on defendant's motion to dismiss, plaintiff's opposition, and defendant's reply. In the alternative, defendant has moved to transfer this action to the United States District Court for the District of Arizona. For the reasons stated in the Court's accompanying Memorandum Opinion, it is hereby

**ORDERED** that defendant's motion to dismiss [14–1] is **DENIED**; it is

**FURTHER ORDERED** that defendant's alternative motion for change of venue [14–1] is **GRANTED** and the case is transferred to the United States District Court for the District of Arizona; and it is

**FURTHER ORDERED** that the Clerk of this Court shall transmit all records and papers in this action to the Clerk of the Court for the United States District Court for the District of Arizona, together with a certified copy of this Order.

**SO ORDERED.**