Homi N. AMIRMOKRI, Plaintiff,

v.

Spenser ABRAHAM, Secretary, United States Department of Energy, Defendant.

No. Civ.A. 02–0459PLF.

United States District Court, District of Columbia.

Aug. 30, 2002.

David L. Rose, David M. Wachtel, Rose & Rose, PC, Washington, DC, for Plaintiff.

Robin M. Earnest, Assistant U.S. Attorney, Washington, DC, for Defendant.

## MEMORANDUM OPINION

PAUL L. FRIEDMAN, District Judge.

This is an employment discrimination case in which the plaintiff, an employee of the Department of Energy, is suing the Department for employment discrimination based upon his race and national origin. Specifically, plaintiff alleges that the Department of Energy delayed his promotion, denied his training requests and caused him to forfeit annual leave. The case is before the Court on defendant's Motion for Judgment on the Pleadings or for Transfer of Venue.

The defendant argues that this case should be dismissed or transferred for improper venue because plaintiff has at all times relevant to the allegations in the complaint worked for the Department of Energy in Germantown, Maryland, not in the District of Columbia; that the discriminatory actions plaintiff alleges all took place in and related to his work in Germantown, Maryland; and that plaintiff's employment records are kept in Maryland, not in the District of Columbia. Plaintiff responds that venue is proper in the District of Columbia because the headquarters of the Department of Energy are here; because William Magwood, who has ultimate authority with respect to promotion decisions, works at Department of Energy headquarters in the District of Columbia; and because records of the investigation of plaintiff's discrimination complaint are in the District of Columbia. Plaintiff relies on the general venue statute, 28 U.S.C. § 1391(e), while defendant relies on the special venue provision of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(f)(3). Upon consideration of the arguments of the parties, the Court grants defendant's motion to transfer venue.

█ The Court agrees with the defendant that in actions brought under Title VII, venue must be determined according to the statute's special venue provision, 42 U.S.C. § 2000e–5(f)(3). That section provides in relevant part:

Such an action may be brought [1] in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e–5(f)(3). Numerous judges of this Court have held that the special venue provision of Title VII, not 28 U.S.C. § 1391(e), applies in Title VII employment discrimination cases, and that under that statute, venue over many employment cases against the government is proper in districts other than this District because the situs of the alleged wrongdoing, or the records, or the present or potential future workplace is there. *See Price v. Pirie*, No. 01–2439, at *1, 2 (D.D.C. April 30, 2002) (Friedman, J.); *Carver v. Babbitt*, No. 98–3175, at *5 (D.D.C. March 15, 2001) (Roberts, J.) (Def.'s Reply, Ex. 1); *Malek v. Shalala*, No. 99–2552, at *4, 6 (D.D.C. March 13, 2001) (Hogan, J.) (Def.'s Reply, Ex. 2); *Counts v. Reno*, No. 95–1911, 1996 WL 148510, at *1–2 (D.D.C. March 28, 1996) (Friedman, J.); *Jenkins v. West*, No. 95–0789, 1995 WL 704018, at *2 (D.D.C. Oct. 23, 1995) (Hogan, J.); *Shipkovitz v. Mosbacher*, No. 90–2159, 1991 WL 251864, at *7 (D.D.C. Nov. 12, 1991) (Richey, J.); *Archuleta v. Sullivan*, 725 F.Supp. 602, 603–604, 604–605 (D.D.C.1989) (Revercomb, J.); *Donnell v. National Guard Bureau*, 568 F.Supp. 93, 94 (D.D.C.1983) (Green, J.). To reach any other conclusion effectively would mean that all employment discrimination suits against the government would have to be brought in this Court merely because the headquarters of most government agencies are here. As the language of the statute makes plain, that is not what Congress intended. *See* 42 U.S.C. § 2000e–5(f)(3); *Stebbins v. State Farm Mutual Auto. Ins. Co.*, 413 F.2d 1100, 1102 (D.C.Cir.1969) (it was the "intent of Congress to limit venue to the judicial districts concerned with the alleged discrimination").

■ In this case, it is undisputed that the plaintiff worked in the Germantown, Maryland office of the Department of Energy and that he would have continued to work in that office but for the alleged unlawful employment practice. Furthermore, Mr. Magwood's affidavit makes clear that although Mr. Magwood had the right to review decisions made by plaintiff's immediate supervisor, Robert Lange, Mr. Lange—who works in the Germantown, Maryland office—made the decision about plaintiff's promotion readiness. (Magwood Aff. at 1–6, Pl.'s Opp'n, Ex. 2.) In addition, plaintiff's allegations that he was denied training, denied permission to carry over leave, and threatened that his filing of a complaint would make his promotion unlikely all were directed at Mr. Lange, his supervisor in Maryland. Thus, the unlawful employment practices that are alleged to have been committed occurred exclusively in the District of Maryland and not in the District of Columbia.

■ As for the relevant records, the special venue provision of Title VII makes clear that suit must be brought in the judicial district "in which the *employment records* relevant to such [unlawful employment] practice are maintained and administered." 42 U.S.C. § 2000e–5(f)(3) (emphasis added). In this case, that district is the District of Maryland. While it may be true that records relating to plaintiff's un-

lawful employment practice complaint and the investigation thereof are maintained in the District of Columbia, such records are not "employment records" within the meaning of the statute. *See Washington v. General Electric Corp.*, 686 F.Supp. 361, 363 (D.D.C.1988). Because venue is not proper in the District of Columbia under the special venue provision of Title VII, and because all of the acts relevant to plaintiff's complaint occurred in Maryland, the Court grants defendant's motion for a transfer of venue to the District of Maryland.

An Order consistent with this Memorandum Opinion shall be issued this same day.

SO ORDERED.

## ORDER

Upon consideration of defendant's Motion for Judgment on the Pleadings or for Transfer of Venue, plaintiff's opposition and defendant's reply, and for the reasons stated in the Memorandum Opinion issued this same day, it is hereby

ORDERED that defendant's Motion for Judgment on the Pleadings or for Transfer of Venue is GRANTED in part and DENIED in part; it is

FURTHER ORDERED that the motion for judgment on the pleadings is DENIED; it is

FURTHER ORDERED that defendant's motion for transfer of venue is GRANTED; it is

FURTHER ORDERED that this case is TRANSFERRED to the United States District Court for the District of Maryland; it is

FURTHER ORDERED that the Clerk of Court shall transfer all papers in this proceeding, together with a certified copy of this Order, to the United States District Court for the District of Maryland; and it is

FURTHER ORDERED that the Clerk of Court shall remove this case from the docket of this Court.

SO ORDERED.