**Ollie M. DARBY, Plaintiff,**

v.

**U.S. DEPARTMENT OF ENERGY and Spencer Abraham, Secretary, Defendants.**

**Ollie M. Darby, Plaintiff,**

v.

**U.S. Department of Energy and Spencer Abraham, Secretary, Defendants.**

**Civil Action Nos. 02–1143 (RMU), 02–1140(RMU).**

United States District Court, District of Columbia.

Nov. 4, 2002.

Ms. Ollie M. Darby, Fairfield, OH, pro se plaintiff.

Beverly M. Russell, Esq., Assistant U.S. Attorney, Office of the U.S. Attorney for the District of Columbia, Washington, DC, for the defendants.

### MEMORANDUM OPINION

URBINA, District Judge.

*GRANTING THE DEFENDANTS' MOTION TO TRANSFER THE PENDING ACTIONS TO THE SOUTHERN DISTRICT OF OHIO*

### I. INTRODUCTION

In these twin actions *pro se* plaintiff Ollie Darby ("the plaintiff") brings claims of employment discrimination based on race and reprisal pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* In response to the second complaint, the Department of Energy ("DOE") and Secretary of Energy Spencer Abraham (collectively, "the defendants") move this court to consolidate the two actions, and then either dismiss the consolidated action for improper venue or transfer the consolidated action to the United States District Court for the Southern District of Ohio. For the reasons that

follow, the court grants the defendants' motion to transfer the two cases to the Southern District of Ohio.

## II. BACKGROUND

The plaintiff is a GS–14[1] employee in the Office of the Chief Financial Officer ("CFO") of DOE. Compl. (02–1140) ¶ 4; Compl. (02–1143) ¶ 4. On June 10, 2002, she filed two complaints against the defendants alleging employment discrimination under Title VII.

In her first complaint, the plaintiff alleges that the defendants engaged in intentional discrimination by effectively failing to promote her to a GS–15 position. Compl. (02–1140) ¶¶ 5–7, 10. The plaintiff states that as a result of the defendants' discriminatory conduct, she was reassigned to a new and hostile work environment. *Id.* ¶ 8. Moreover, the plaintiff alleges that because the defendants were aware of equal employment opportunity ("EEO") complaints filed by the plaintiff, she suffered retaliation and reprisal. *Id.* at iv. She requests relief in the form of promotion, with front and back pay, to a GS–15 position retroactive to August 1994; compensation for emotional distress and anguish; punitive damages; compensation for pain, suffering, and humiliation; and compensation for lost annual and sick leave. *Id.* at iv.

In virtually identical terms, Ms. Darby's second complaint alleges that the defendants engaged in intentional discrimination by refusing to select her for a newly-created GS 15 position, and by preventing the personnel office from using certain ranking and interviewing tools during the selection process for the GS 15 position. Compl. (02–1143) ¶¶ 5–7. As a result, the plaintiff states that she was never promoted. *Id.* ¶ 8. As in her first complaint, she

alleges that because the defendants were aware of EEO complaints filed by the plaintiff, she suffered retaliation and reprisal. *Id.* at iii. Finally, she requests the same relief prayed for in her first complaint. *Id.*

On August 29, 2002, the defendants filed a motion to consolidate the two actions and to dismiss the consolidated action for improper venue or, in the alternative, to transfer the consolidated action to the United States District Court for the Southern District of Ohio. Defs.' Mot. to Consolidate and Dismiss or Transfer ("Defs.' Mot.") at 1. The defendants argue that consolidation of the two cases is warranted under Rule 42(a) of the Federal Rules of Civil Procedure because they involve common questions of law and fact. *Id.* at 3–5. In addition, the defendants state that according to the Title VII venue statute, venue is not proper in the District of Columbia. *Id.* at 5–7. They urge the court to dismiss the plaintiff's complaints or transfer them to the Southern District of Ohio. *Id.* at 7.

## III. ANALYSIS

### A. Legal Standard for Venue in Title VII Cases

Federal Rule of Civil Procedure 12(b)(3) states that the court will dismiss or transfer a case if venue is improper or inconvenient in the plaintiff's chosen forum. FED.R.CIV.P. 12(b)(3). In considering a Rule 12(b)(3) motion, the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor. *2215 Fifth St. Assocs. v. U–*

---

**1.** "GS–14" corresponds to the fourteenth level of the U.S. Federal Government's General Schedule (GS) pay plan, used to determine the salaries of federal employees. There are

15 GS levels in all, and a federal employee's salary increases as that employee's level on the scale increases. *See* http://www.usajobs.opm.gov/B5A.htm.

*Haul Int'l, Inc.*, 148 F.Supp.2d 50, 54 (D.D.C.2001). The court, however, need not accept the plaintiff's legal conclusions as true. *Id.* To prevail on a motion to dismiss for improper venue, the defendant must present facts that will defeat the plaintiff's assertion of venue. *Id.*

Under 42 U.S.C. § 2000e–5(f)(3), a plaintiff may bring a Title VII action in any one of four judicial districts. The statute provides that:

> [s]uch an action may be brought in [1] any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, [4] but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e–5(f)(3). This statutory scheme indicates that Congress intended to limit venue in Title VII cases to those jurisdictions concerned with the alleged discrimination. *Stebbins v. State Farm Mut. Auto. Ins. Co.*, 413 F.2d 1100, 1102 (D.C.Cir.1969).

■ Courts can determine venue by applying a "commonsense appraisal" of events having operative significance. *Lamont v. Haig*, 590 F.2d 1124, 1134 (D.C.Cir.1978); *Donnell v. Nat'l Guard Bureau*, 568 F.Supp. 93, 94 (D.D.C.1983). Specifically, venue cannot lie in the District of Columbia when "a substantial part, if not all, of the employment practices challenged in this action" took place outside the District even when actions taken in the District "may have had an impact on the plaintiff's situation." *Donnell,* 568 F.Supp. at 94.

■ If the plaintiff brings suit in a jurisdiction that does not satisfy one of the venue requirements listed in 42 U.S.C. § 2000e–5(f)(3), venue is improper. 42 U.S.C. § 2000e–5(f)(3); *Washington v. Gen. Elec. Corp.*, 686 F.Supp. 361, 363 (D.D.C.1988). When a plaintiff files an action in the wrong district, 28 U.S.C. § 1406(a) directs courts to "dismiss, or if it be in the interest of justice, transfer such case" to the proper venue. 28 U.S.C. § 1406(a). Generally, the "interest of justice" requires courts to transfer cases to the appropriate judicial district, rather than dismiss them. *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466–67, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962); *James v. Booz–Allen,* 2002 WL 31119865, at *3 (D.D.C. Jul.31, 2002).

**B. The Court Determines That Venue in the District of Columbia Is Improper and Transfers the Pending Actions to the Southern District of Ohio**

■ The defendants have presented facts that defeat plaintiff's assertion of venue.[2] *2215 Fifth St. Assocs.*, 148 F.Supp.2d at 54. According to the Assistant Manager for Human Resources of the DOE Field Office in Miamisburg, Ohio, the plaintiff has been an employee in the Ohio Field Office for her entire career, the per-

---

**2.** The court notes that in her complaints, the plaintiff does not provide any information to support Title VII venue in this jurisdiction. *See generally* Compl. (02–1140); Compl. (02–1143). She states only that venue is proper in the District of Columbia because "the Department of Energy Chief Financial Officer (CFO) is under the direct management control of the Secretary of Energy, both located in Washington, D.C." Compl. No. 02–1140 at v; Compl. No. 02–1143 at iv. The Title VII venue statute, however, does not authorize venue based on the location where management control is exercised. 42 U.S.C. § 2000e–5(f)(3).

sonnel files for all Ohio Field Office employees are maintained and administered in Miamisburg, Ohio, and the events described by the plaintiff occurred in the Ohio Field Office. Defs.' Mot. Ex. 3 (Briggs Decl.). Clearly, then, the alleged unlawful employment practices at issue were not committed in this jurisdiction, and the employment records relevant to those practices are not maintained and administered here. 42 U.S.C. § 2000e–5(f)(3). Nor does the plaintiff allege that but for those alleged practices she would have worked in this district. *Id.; see generally* Compl. No. 02–1140; Compl. No. 02–1143. The District of Columbia therefore does not satisfy any of the first three Title VII venue possibilities. 42 U.S.C. § 2000e–5(f)(3).

Nonetheless, venue may be proper in the District of Columbia—the judicial district in which the defendants have their principal office—if the defendants may not be found within the judicial district that is the locus of the alleged discrimination in this case (here, the Southern District of Ohio). 42 U.S.C. § 2000e–5(f)(3); *Stebbins*, 413 F.2d at 1102. The plaintiff does not argue that the defendants may not be found in the Southern District, however. *See generally* Compl. No. 02–1140; Compl. No. 02–1143. In fact, by stating that Title VII venue is proper in the Southern District, the defendants suggest that they may be found in that jurisdiction. Defs.' Mot. at 7.

In sum, because the District of Columbia does not satisfy any of the Title VII venue requirements, venue for the pending actions does not properly lie in this jurisdiction. 42 U.S.C. § 2000e–5(f)(3); *Gen.*

*Elec.*, 686 F.Supp. at 363. In the interest of justice, therefore, the court transfers the plaintiff's actions to the Southern District of Ohio.[3] 28 U.S.C. § 1406(a); *Goldlawr*, 369 U.S. at 466, 82 S.Ct. 913; *James*, 2002 WL 31119865, at *3.

Because the court determines that venue is not proper in the District of Columbia, it must leave the question of consolidation of the two actions to the sound discretion of its sister court in the Southern District of Ohio.[4]

## IV. CONCLUSION

For the foregoing reasons, the court grants the defendants' motion to transfer the pending cases to the United States District Court for the Southern District of Ohio. An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 4th day of November, 2002.

## *ORDER*

### GRANTING THE DEFENDANTS' MOTION TO TRANSFER THE PENDING ACTIONS TO THE SOUTHERN DISTRICT OF OHIO

For the reasons stated in this court's Memorandum Opinion separately and contemporaneously issued this 4th day of November, 2002, it is

**ORDERED** that the two above-captioned actions, Nos. 02–1140 and 02–1143, be transferred to the United States District Court for the Southern District of Ohio.

**SO ORDERED.**

---

3. As an aside, and apart from the question of Title VII venue, the court notes that the plaintiff currently resides in Fairfield, Ohio, a city that is located within the Southern District of Ohio.

4. Without explanation, and almost as an afterthought, the defendants also ask the court to dismiss defendant DOE from the two actions, and to deny the plaintiff's request for punitive damages. Again, in light of the action the court takes today, it does not address those requests.