Akil Asim EL, Plaintiff,

v.

Richard A. BELDEN, et al., Defendants.

No. 03–2233 (RJL).

United States District Court, District of Columbia.

March 23, 2004.

Akil Asim, Stafford, VA, pro se.

Barbara Louise Johnson, Paul, Hastings, Janofsky & Walker, LLP, Washington, DC, for Defendants.

## MEMORANDUM OPINION

LEON, District Judge.

This matter comes before the Court on defendants' motion to dismiss the complaint and, in the alternative, motion to transfer venue. Because the Court concludes that venue is improper in this district, the motion to transfer venue will be granted and the case transferred to the United States District Court for the Eastern District of Virginia.

### Allegations in Complaint

On February 12, 2002, plaintiff was terminated from his employment at Dominion Semiconductor, LLC ("Dominion") pursuant to a layoff. Complaint ("Compl."), ¶ 5. Defendant Richard Belden was president and chief operating officer of Dominion and presently chief operating officer of Micron Technology. *Id.*, ¶ 2. According to the complaint, Micron Technology is a beneficiary of Dominion's unfair labor practice. *Id.*, ¶ 8. Defendant Sal Patafio is the Human Resource Director at Dominion. *Id.*, ¶ 3.

Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964 and the Americans With Disabilities Act ("ADA"). *Id.*, ¶ 1. Plaintiff alleges that defendant Patafio had knowledge of the harassment plaintiff endured. *Id.*, ¶ 3. Plaintiff requested a transfer to another work area to get relief from the harassment, but Mr. Patafio refused to transfer him. *Id.* In addition, plaintiff alleges, defendant Patafio did not interview plaintiff for a higher position in the company. *Id.*

Plaintiff alleges that the layoff procedure was unjust and that he reluctantly settled for the severance plan under duress caused by his medical condition. *Id.,* ¶¶ 4–5. Plaintiff suffered from chronic lower back problems, acid reflux, and irregular bowel movements, conditions known to defendants when he was hired. *Id.,* ¶¶ 5, 7. The United States Equal Employment Opportunity Commission ("EEOC") issued plaintiff a notice of right to sue letter on July 10, 2003. *Id.,* Attachment.

### Standard of Review

Defendants move to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In ruling on the motion, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Taylor v. Fed. Deposit Ins. Corp.,* 132 F.3d 753, 761 (D.C.Cir.1997). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C.Cir.1994). "Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Swierkiewicz v. Sorema,* 534 U.S. 506, 515, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

■ Pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, defendants also assert improper venue as a basis for dismissal of this action. As with a 12(b)(6) motion, the Court accepts plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in plaintiff's favor, and resolves any factual disputes in plaintiff's favor. *Darby v. U.S. Dep't of Energy,* 231 F.Supp.2d 274, 276 (D.D.C.2002). The Court, however, need not accept plaintiff's legal conclusions as true. *Id.* at 277. To prevail on a motion to dismiss for improper venue, defendant must present facts that will defeat plaintiff's venue assertions. *Id.; 2215 Fifth St. Assocs. v. U–Haul Int'l, Inc.,* 148 F.Supp.2d 50, 54 (D.D.C.2001).

### Analysis

■ Defendants contend that the complaint was untimely filed. 42 U.S.C. § 2000e–5(f)(1) states, in pertinent part, that:

> If a charge filed with the Commission [EEOC] ... is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge ... the Commission has not filed a civil action ... or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission ... shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge ...

In this case, the EEOC mailed the right to sue letter to plaintiff on July 10, 2003. Plaintiff submitted his complaint to this Court on October 10, 2003, along with a petition for leave to proceed *in forma pauperis.* The Court's copies of these documents show that they were received by the Clerk on October 10, 2003. The Clerk of the Court will not accept a complaint for filing that is not accompanied by a filing fee until the Court has granted a petition for leave to proceed *in forma pauperis. See Washington v. White,* 231 F.Supp.2d 71, 75 (D.D.C.2002). The application to proceed *in forma pauperis* was granted on October 31, 2003 and the complaint filed by the Clerk the same day. Thus, the

complaint was not actually filed until 113 days after the right to sue letter was issued, but the complaint was received by the Clerk within 90 days.[1]

 The 90–day statutory period is not jurisdictional, but rather is a statute of limitations subject to equitable tolling. *Smith–Haynie v. District of Columbia,* 155 F.3d 575, 579 (D.C.Cir.1998); *Washington,* 231 F.Supp.2d at 75. The 90–day period is tolled between the time a complaint and an application to proceed *in forma pauperis* are received by the Court and the time the Court rules on the application. *Id.* Therefore, the Court concludes that the complaint was timely filed and the motion to dismiss on this basis will be denied.

 As to the venue issue, pursuant to 42 U.S.C. § 2000e–5(f)(3), a Title VII or ADA action

> may be brought in [1] any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, [4] but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

By this statute, Congress intended to limit venue to those jurisdictions concerned with the alleged discrimination under Title VII or the ADA. *Stebbins v. State Farm Mut. Auto. Ins. Co.,* 413 F.2d 1100, 1102 (D.C.Cir.1969); *Darby,* 231 F.Supp.2d at 277; *Amirmokri v. Abraham,* 217 F.Supp.2d 88, 90 (D.D.C.2002). Numerous judges of this Court have held that venue of these employment discrimination cases is proper in a district other than this District because the situs of the alleged wrongdoing, or the records, or the present or potential future workplace is there. *See id.* (collecting cases). Venue cannot lie in the District of Columbia when a substantial part, if not all, of the challenged employment actions occurred outside the District. *Darby,* 231 F.Supp.2d at 277.

 In this case, all of the adverse employment acts alleged by plaintiff occurred at Dominion Semiconductor in Manassas, Virginia. If not for his allegedly unlawful termination, plaintiff would still be employed in Virginia. Both plaintiff's residence and the defendants' place of business is in Virginia. According to the company, plaintiff's employment records are kept in Virginia. Plaintiff has offered no facts to support venue in this district. Therefore, venue is improper under 42 U.S.C. § 2000e–5(f)(3). *See Washington v. Gen. Elec. Corp.,* 686 F.Supp. 361, 363 (D.D.C.1988).

 When a plaintiff files an action in the wrong district, the district court may dismiss the case, or if it be in the interest of justice, transfer to a proper venue. *See* 28 U.S.C. § 1406(a). Generally, transfers based on the interest of justice are favored over the dismissal of actions. *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466–67, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962); *Darby,* 231 F.Supp.2d at 277; *James v. Booz–Allen,* 227 F.Supp.2d 16, 20 (D.D.C.2002). Accordingly, based on the interest of justice, the Court will transfer this action to the United States District Court for the Eastern District of Virginia.[2]

---

**1.** Courts presume that the notice to sue letter was received three days after mailing. *See*

*Powell v. Washington Metro. Are Transit Auth.,* 238 F.Supp.2d 160, 163 n. 4 (D.D.C.2002).

**2.** The merits of defendants' other ground for

## Conclusion

For the foregoing reasons, defendants' motion to dismiss complaint and, in the alternative, motion to transfer venue is **GRANTED IN PART**. The Court grants the motion to transfer venue. The case will be transferred to the United States District Court for the Eastern District of Virginia.

dismissal—the liability of individual company employees in a discrimination action—is more appropriately addressed by the transferee court.